per curiam:
This pro se plaintiff seeks damages of $10,000 for the alleged negligence and deception of federal and state agencies and their alleged violation of his rights under the 14th amendment and the civil rights laws. The claim grows out of a district court suit the Secretary of Labor filed on behalf of the plaintiff against his employer, alleging that the employer had discharged discriminatorily the plaintiff. That case was settled during trial, but the plaintiff refused to sign the release that was part of the settlement. Additional litigation ensued in which the *608 district court refused to rescind or modify the settlement or grant a new trial.
The defendant has moved to dismiss this case for failure to state a claim within our jurisdiction. Although the precise theories of the plaintiffs suit are unclear, it is clear that we cannot entertain his claims.
The plaintiffs claims based upon negligence, deception, falsification, misrepresentation, and concealment all sound in tort, over which we have no jurisdiction. 28 U.S.C. § 1491 (Supp. IV 1980). The allegation that the defendant violated the plaintiffs rights under the 14th amendment does not state a claim within our jurisdiction. We have held that, except for the taking clause of the fifth amendment, the other amendments do not require the United States to pay money for their alleged violation. E.g., Featheringill v. United States, 217 Ct. Cl. 24, 32-33 (1978); Walton v. United States, 213 Ct. Cl. 755, 757 (1977); Mueblen v. United States, 209 Ct. Cl. 690 (1976). For the same reason, we do not have jurisdiction over claims based upon alleged violations of the civil rights laws. Clark v. United States, 212 Ct. Cl. 590, cert. denied, 434 U.S. 839 (1977).
The defendant’s motion to dismiss is granted, and the petition is dismissed.