66 F.3d 346
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert L. STEPHENSON, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5049.
 United States Court of Appeals, Federal Circuit.
 Sept. 11, 1995.
 
 Before NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and BRYSON, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Robert L. Stephenson appeals from an order of the Court of Federal Claims, No. 95-37C, dismissing his complaint for lack of jurisdiction. We affirm in part, reverse in part, and remand.
 
 BACKGROUND
 
 2
 Stephenson, a former employee of the Department of Commerce, was removed from his position following his conviction of several federal crimes. His conviction resulted in a term of imprisonment and a fine. In order to obtain payment of a portion of the fine, the government effected an administrative offset of funds owed to Stephenson in connection with his federal employment. See 31 U.S.C. Sec. 3716.
 
 
 3
 Stephenson subsequently filed a four-count complaint in the United States Court of Federal Claims in connection with the withholding of those funds. Count 1 alleged, among other things, that the government failed to pay Stephenson for accrued annual leave and failed to reimburse him for certain travel expenses. Count 2 alleged that as a result of the actions enumerated in Count 1, Stephenson suffered consequential economic injuries; Count 3 alleged that the government disseminated false and misleading information about Stephenson in order to avoid paying him the money he was owed; and Count 4 alleged that the government's actions enumerated in Count 1 constituted a violation of Stephenson's civil rights. The Court of Federal Claims dismissed the complaint on the ground that it had no jurisdiction to consider any of Stephenson's claims.
 
 DISCUSSION
 
 4
 On appeal, the government concedes that the Court of Federal Claims should not have dismissed Count 1, in which Stephenson alleged that the government improperly failed to compensate him for accrued annual leave and for travel expenses. The Court of Federal Claims has jurisdiction to consider claims founded on a money-mandating statute. United States v. Testan, 424 U.S. 392, 400 (1976). Federal employees with accumulated annual leave may elect to be compensated for such leave upon their separation from federal service. See 5 U.S.C. Sec. 5551. Federal employees are also entitled to be compensated for travel expenses under certain circumstances. See 5 U.S.C. Secs. 5701-5709. Those provisions are money-mandating statutes that will support an action in the Court of Federal Claims. Count 1 therefore should not have been dismissed on jurisdictional grounds.
 
 
 5
 Count 1 contains a reference to Stephenson's pension funds, but it is difficult to tell from the complaint what funds are at issue and what was done with them. Whether the Court of Federal Claims has jurisdiction over that aspect of Count 1, and whether there is any merit to the claims as to which the court does have jurisdiction, are matters to be determined on remand.
 
 
 6
 The Court of Federal Claims properly dismissed the remaining counts for want of jurisdiction. Counts 2 and 3 allege tort claims against the government, over which the Court of Federal Claims does not have jurisdiction. Clark v. United States, 461 F.2d 781 (Ct.Cl.1972). Count 4 alleges a claim based on a violation of Stephenson's civil rights, over which the Court of Federal Claims also does not have jurisdiction. Elkins v. United States, 229 Ct.Cl. 607, 608 (1981). The judgment of the Court of Federal Claims is therefore affirmed as to Counts 2 through 4. The judgment is reversed and the case remanded as to Count 1.
 
 
 7
 No costs.