68 F.3d 487
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles Linder FLOYD and, Mattie Batrice Floyd, Plaintiffs-Appellants,
and
Second Mount Moriah Baptist Missionary Church, Plaintiff,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5046.
 United States Court of Appeals, Federal Circuit.
 Oct. 6, 1995.
 
 Before NEWMAN, LOURIE, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Charles Linder Floyd and Mattie Batrice Floyd appeal from an order of the Court of Federal Claims, No. 94-1097C, dismissing their complaint for lack of subject matter jurisdiction. We affirm.
 
 BACKGROUND
 
 2
 The Floyds filed a complaint in the Court of Federal Claims seeking in excess of $567 million in damages. Liberally read, the complaint asserted that agents of the United States violated the Floyds' rights under various federal civil rights statutes, that the Floyds were injured by various tortious acts and omissions committed by agents of the United States, and that the Floyds' property had been taken without proper procedures or adequate compensation. The Court of Federal Claims dismissed the complaint on the ground that it had no jurisdiction to hear any of the Floyds' claims.
 
 DISCUSSION
 
 3
 The Court of Federal Claims was correct in finding that none of the Floyds' claims fall within its limited jurisdiction. First, the Floyds' civil rights claims must be dismissed, because the Court of Federal Claims does not have jurisdiction over claims based on civil rights violations. Elkins v. United States, 229 Ct.Cl. 607, 608 (1981). Second, the Floyds' claims of tortious acts and omissions by federal agents must be dismissed, as the Court of Federal Claims has no jurisdiction to hear tort claims against the government. 28 U.S.C. Sec. 1491(a)(1); Shearin v. United States, 992 F.2d 1195, 1197 (Fed.Cir.1993). Finally, the Floyds have not alleged that the federal government took property for which they are entitled to compensation under the Fifth Amendment to the United States Constitution. Even if the complaint is read to allege a taking by the State of California for a highway project partially funded by the federal government, a taking under those circumstances does not constitute a taking by the United States, and therefore does not state a claim on which the Court of Federal Claims could grant relief. See D.R. Smalley & Sons, Inc. v. United States, 372 F.2d 505, 508 (Ct.Cl.), cert. denied, 389 U.S. 835 (1967).
 
 
 4
 The Floyds also argue that the Court of Federal Claims erred in failing to allow them to perfect a preliminary complaint under Rule 27 of the Rules of the United States Court of Federal Claims. Rule 27 gives the Court of Federal Claims discretion to treat a complaint as preliminary if the plaintiff "cannot state a case with the requisite particularity without an examination of documents or things or other information in the possession of the United States." In light of the fatal jurisdictional flaws in the complaint and the absence of any suggestion of a way in which access to information in the possession of the government might have buttressed the Floyds' presentation, the court acted within its discretion when it declined to treat their filing as a preliminary complaint under Rule 27.