**John DOE**

v.

**UNITED STATES.**

No. 95–616C.

United States Court of Federal Claims.

Dec. 10, 1996.

Bill Ullman, Miami, Florida, for plaintiff.

Laurel A. Loomis, Washington, D.C., with whom was Assistant Attorney General Frank W. Hunger, for defendant.

## OPINION

YOCK, Judge.

This contract action comes before the Court on the defendant's motion to dismiss for lack of jurisdiction or, in the alternative,

1. The facts stated herein are based on those facts set forth in the plaintiff's Complaint.

2. FEDERAL RULE OF CRIMINAL PROCEDURE 35(b), Correction or Reduction of Sentence, provides, in pertinent part:

failure to state a claim, under Rules 12(b)(1) and (4) of the Rules of the United States Court of Federal Claims (RCFC). For the following reasons, the Court finds that it is without jurisdiction over this action.

### Factual Background [1]

In this action, the plaintiff asserts that the Government breached an express or implied-in-fact contract to file a motion in the criminal case against the plaintiff to reduce his sentence pursuant to FED.R.CRIM.P. 35(b) in return for information concerning the location of certain federal fugitives. In March 1994, the plaintiff was convicted of a federal narcotics violation and sentenced to 58 months incarceration by the United States District Court for the Southern District of Florida, Miami Division. From May through December 1994, subsequent to the plaintiff's sentencing on that conviction, the Government apparently offered to submit a motion under FED.R.CRIM.P. 35(b) to the district court for a reduction in the plaintiff's sentence in return for information as to the whereabouts of certain federal fugitives. FEDERAL RULE OF CRIMINAL PROCEDURE 35(b) allows a court to reduce a criminal defendant's sentence on the Government's motion if the criminal defendant has provided the Government with substantial assistance in the investigation of another person who has committed a crime.[2] In accordance with this offer, the plaintiff assisted the Government in several criminal investigations, resulting in the apprehension of two federal fugitives.

On or about January 11, 1995, the Government sent a letter to the plaintiff's counsel in the criminal matter stating that:

The amount of time that this office will recommend for a reduction [in your client's sentence pursuant to FED.R.CRIM.P. 35(b) ] is 6 months. As a prerequisite to approval however, you must agree that you will seek no further reduction on behalf of your client beyond the six months.

The court, on motion of the Government, made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense * * *.

The plaintiff, however, refused to accede to the conditions included in the Government's letter, maintaining that he should be allowed to seek additional time reductions in his sentence on his own behalf. As a result, the Government refused to file a FED.R.CRIM.P. 35(b) motion with the district court, and the plaintiff's sentence remained at 58 months.

On or about September 12, 1995, the plaintiff filed the present Complaint with this Court. In his Complaint, the plaintiff prays for two forms of relief. Count One of the plaintiff's Complaint prays for monetary damages in excess of $1 million flowing from the Government's breach of the cooperation agreement entered into between the plaintiff and the Government. Count Two requests that this Court order the Government specifically to perform its contract with the plaintiff. In other words, the Court should order the Government to file a FED.R.CRIM.P. 35(b) motion on the plaintiff's behalf.

*Discussion*

In its motion to dismiss, the defendant first contends that the plaintiff's claim for damages in Count One of his Complaint is in the form of consequential damages and that this Court is precluded from awarding consequential damages that are too remote or speculative. The defendant argues that the consequential damages claimed here are too speculative because even if the Government had filed a FED.R.CRIM.P. 35(b) motion, there was no certainty that the district court would have actually reduced the plaintiff's sentence. In addition, the defendant posits that even if this Court could find a direct relationship between the Government's failure to file a FED.R.CRIM.P. 35(b) motion and the plaintiff's damages, the amount of damages that the plaintiff will incur as a result of his incarceration is impossible to quantify. In responding to Count Two of the plaintiff's Complaint, the defendant argues that this Court is precluded, pursuant to its jurisdictional limitations, from ordering equitable relief, such as the specific performance of the contract requested by the plaintiff. Further, the defendant asserts that the alleged contract or agreement is one emanating out of a criminal proceeding and, thus, was undertaken in the Government's sovereign capacity.

As such, the Court's Tucker Act jurisdiction is not implicated because only contracts made in the Government's proprietary capacity can be enforced in this Court. Finally, the defendant contends that the plaintiff has failed to plead and prove that the prosecutor had any authority to obligate appropriated funds. Because this obligation is placed on the plaintiff, the Court again lacks jurisdiction over this matter.

The plaintiff's rebuttal to the defendant's motion to dismiss is that his damages are not remote or speculative. In addition, the plaintiff contends that 28 U.S.C. § 1495 (1994), which gives this Court jurisdiction to award money damages for a person unjustly convicted and incarcerated, also gives this Court jurisdiction over the plaintiff's claim for money damages for an alleged breach of an agreement to file a motion to provide a reduction in the plaintiff's sentence. Finally, in response to the Government's contention that the agreement arising out of the criminal proceeding here is not within this Court's jurisdiction because the agreement was undertaken by the Government in its sovereign capacity, the plaintiff merely responds that the decisional case law supporting that view is wrong.

■ In considering a motion to dismiss, a court must accept as true all factual allegations made in the complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). However, in a case such as this, where the moving, party questions the subject matter jurisdiction of the court, the nonmoving party has the burden of proving the court's jurisdiction. *Reynolds v. Army and Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988); *Cincinnati Elecs. Corp. v. United States,* 32 Fed.Cl. 496, 500 (1994). In addition, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ In Count One of his Complaint, the plaintiff contends that "[t]he Government breached the contract [with the plaintiff] by

refusing to file the controlled Rule 35(b) motion for reduction of sentence" and that the plaintiff, therefore, "demands money damages in excess of $1,000,000 plus litigation costs against the United States of America." Compl. at 2–3. The defendant counters that the damages sought by the plaintiff are consequential in nature and, therefore, are not recoverable by the plaintiff in this action. This Court is inclined to concur with the defendant's argument that the damages claimed are too remote and speculative because, even if a FED.R.CRIM.P. 35(b) motion had been filed, the plaintiff was not guaranteed a reduction in his sentence. *See Ramsey v. United States*, 121 Ct.Cl. 426, 433, 101 F.Supp. 353 (1951) (requiring that a breach of contract naturally and inevitably produce the result for which the plaintiff is seeking); *see also Kurz & Root Co. v. United States*, 227 Ct.Cl. 522, 531, 1981 WL 139581 (1981); *Industrial Indem. Co. v. United States*, 26 Cl.Ct. 443, 445–46 (1992); *Lucas v. United States*, 25 Cl.Ct. 298, 310 (1992); *Nelson v. United States*, 16 Cl.Ct. 510, 515–16 (1989).[3]

This Court, however, does not have to determine the nature of the damages sought by the plaintiff in order to dismiss the plaintiff's Complaint. Rather, the inability of the plaintiff's Complaint to state a claim rests on other grounds. In this case, the defendant challenges this Court's jurisdiction over the plaintiff's Complaint pursuant to the Tucker Act, 28 U.S.C. § 1491 (1994). Section 1491(a)(1) and (3) provides, in part, that:

> (a)(1) The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States * * *.
>
> (3) To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive

jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief.

Courts have interpreted that the Government's section 1491(a)(1) contract liability "does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of minds." *Kania v. United States*, 227 Ct.Cl. 458, 464, 650 F.2d 264, 268, *cert. denied*, 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981). The limits of this Court's breach of contract jurisdiction was stated as follows:

> The contract liability which is enforceable under the Tucker Act consent to suit does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of minds. The Congress undoubtedly had in mind as the principal class of contract case in which it consented to be sued, the instances where the sovereign steps off the throne and engages in purchase and sale of goods, lands, and services, transactions such as private parties, individuals or corporations also engage in among themselves.

*Id.* Thus, this Court's jurisdiction over contract claims turns on whether the Government was acting in its sovereign or proprietary capacity when it entered into the contract or agreement at issue.

> [C]ontracts made by Government officials in the implementation of a sovereign function are not amenable to suit in the Claims Court [now the Court of Federal Claims]; on the other hand, contracts made in situations where the Government enters the market place in a proprietary capacity are subject in this court to claims for breach.

*Town of North Bonneville, Wash. v. United States*, 5 Cl.Ct. 312, 320 (1984); *see also Grundy v. United States*, 2 Cl.Ct. 596, 598 (1983) (breach of contract action arising from

---

**3.** This Court also agrees with the defendant's contention that the litigation expenses sought in Count One of the plaintiff's Complaint are not recoverable in this breach of contract action in the absence of statutory authorization. *See, e.g., Wm. T. Thompson Co. v. United States*, 26 Cl.Ct. 17, 27 (1992), *aff'd sub nom., Hercules, Inc. v. United States*, 24 F.3d 188 (Fed.Cir.1994), *aff'd,* —— U.S. ——, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996); *Constant v. United States*, 1 Cl.Ct. 600, 608 (1982), *aff'd*, 714 F.2d 162 (Fed.Cir. 1983), *cert. denied*, 464 U.S. 1041, 104 S.Ct. 705, 79 L.Ed.2d 170 *reh'g denied*, 465 U.S. 1074, 104 S.Ct. 1431, 79 L.Ed.2d 754 (1984).

promise to provide witnesses with protection while waiting to testify in federal criminal cases is not within the jurisdiction of the Claims Court (now Court of Federal Claims) because the Government contracted with the plaintiffs in its sovereign, not proprietary, capacity).

■ In the criminal justice system, agreements entered into between the Government and a criminal defendant do not lend themselves to the same remedies that may be appropriate and necessary to provide complete relief to a contractually injured party who has entered into an agreement with the Government in its proprietary capacity.

> [A] plea agreement in a criminal case is not a contract in the civil sense. A breach of a plea agreement may affect such criminal matters as sentencing, withdrawal of a plea, sentencing appeals, and the like; but the breach of a plea agreement never generates civil remedies such as monetary damages or specific performance.

*Johnson v. Sawyer,* 980 F.2d 1490, 1501 (5th Cir.1992). It has been held that a " 'cooperation agreement [pursuant to FED.R.CRIM.P. 35(b) ] is analogous to a plea bargain[,]' and therefore * * * the same [contractual] analysis applies to both types of agreements." *United States v. Pinter,* 971 F.2d 554, 557 (10th Cir.1992) (quoting *United States v. Carrillo,* 709 F.2d 35, 36 (9th Cir.1983)). Thus, a cooperation agreement pursuant to FED.R.CRIM.P. 35(b), like a plea agreement, "is not a contract in the civil sense * * * [and] never generates civil remedies such as monetary damages or specific performance." *See Johnson,* 980 F.2d at 1501.

■ It is unreasonable to consider that the Congress, in enacting section 1491(a)(1), intended for this Court to become involved in the "delicate and sensitive business of conducting criminal trials." *See Kania,* 227 Ct. Cl. at 466, 650 F.2d at 269. In fact, because this Court is suited to provide remedies for breaches of civil contracts, and not remedies for breaches of agreements in the criminal

context, a plaintiff's remedies for breach of a FED.R.CRIM.P. 35(b) cooperation agreement lie within the jurisdiction of the courts in the federal criminal system, not this Court.

Being a creation of the criminal justice system, it is logical that the remedies for a breach of plea agreement[, as well as for a breach of a cooperation agreement pursuant to FED.R.CRIM.P. 35(b) ] are found within that system. * * *

> Plea agreements [and cooperation agreements] are creations of the criminal justice system and must remain within that system for enforcement. Recourse to this court for monetary damages for breach of such agreement[s] is insupportable by law. * * * [P]laintiff's remedy, if any, lies elsewhere than the Tucker Act and the Court of Federal Claims.

*Drakes v. United States,* 28 Fed.Cl. 190, 194–95 (1993).

■ It is clear that in this case the Government was acting in its sovereign, not proprietary, capacity when it promised the plaintiff that it would make a FED.R.CRIM.P. 35(b) motion to reduce the plaintiff's criminal sentence in exchange for information and assistance regarding certain federal fugitives. As a result, the Government is not amenable to suit in this Court pursuant to its Tucker Act jurisdiction. The Government can be sued in this Court when it enters into the marketplace and contracts in its proprietary capacity. However, the cooperation agreement at issue here is "a creation of the criminal justice system," *see Drakes,* 28 Fed.Cl. at 194, and, thus, this Court is ill-suited to manage the different purposes and different motivations that such criminal agreements serve, *id.* at 194–95. A breach of the cooperation agreement between the plaintiff and the Government does not generate the civil remedies, such as monetary damages, that the plaintiff seeks.[4]

---

4. Moreover, a claimant for money damages for breach of contract must plead and prove that the Government officer, who supposedly entered into the contract with the claimant, had the actual authority to appropriate Government funds for such purpose. *See Grundy,* 2 Cl.Ct. at 599. In this case, the plaintiff has failed to plead, let alone prove, that the prosecutor involved in the plaintiff's criminal case had the actual authority to obligate appropriated funds in exchange for the plaintiff's cooperation pursuant to FED. R.CRIM.P. 35(b).

Accepting that a contract was entered into between the plaintiff and the Government, the contract is not one that comes within the coverage of the Tucker Act. This Court, therefore, is without jurisdiction to adjudicate whether or not the Government satisfied the terms of that contract, and the plaintiff's Complaint fails to state claims upon which relief can be granted. The proper courts for the plaintiff's action for relief relating to the Government's alleged breach of a FED.R.CRIM.P. 35(b) cooperation agreement are the courts of the federal criminal justice system.[5]

With regard to Count Two of his Complaint for specific performance, the plaintiff states that: "For John Doe to obtain the benefit of his bargain, the United States of America must be compelled to specifically perform the contract by filing a Rule 35(b) motion." Compl. at 3. In its motion to dismiss, the defendant counters that this Court lacks jurisdiction to grant specific performance, save the narrow exception contained in 28 U.S.C. § 1491(a)(3) with regard to precontract award relief.

It is well established that this Court generally does not have the jurisdiction to grant specific performance of a contract, as well as other equitable relief. *See Logan Canyon Cattle Assoc. v. United States,* 34 Fed.Cl. 165, 168 & n. 4 (1995); *Edwards v. United States,* 19 Cl.Ct. 663 (1990); *Busby School of N. Cheyenne Tribe v. United States,* 8 Cl.Ct. 596, 601 (1985).[6] Therefore, Count Two of the plaintiff's Complaint for specific performance is not within the jurisdiction of this Court and, thus, also does not state a claim upon which relief can be granted.

Accordingly, this Court finds that the Tucker Act does not provide this Court with jurisdiction over the plaintiff's claim that the Government breached its agreement with the plaintiff to file a FED.R.CRIM.P. 35(b) motion in return for information regarding certain federal fugitives. Moreover, this Court finds that the agreement described by the plaintiff is not one that lends itself to monetary remedies. Thus, Counts One and Two of the plaintiff's Complaint fail for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is granted, and the plaintiff's Complaint is to be dismissed without prejudice.

The clerk of the Court is directed to enter judgment accordingly.

Each party is to bear its own costs.

---

**5.** Finally, the plaintiff claims that 28 U.S.C. § 1495 gives this Court jurisdiction to hear the plaintiff's claims that the Government breached its contract to make a motion for reduction in the plaintiff's sentence under FED.R.CRIM.P. 35(b). Section 1495 provides that the "Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." The plaintiff argues that, if section 1495 gives this Court jurisdiction over a damages claim for an unjust conviction, section 1495 also gives this Court jurisdiction over a breach of contract action under FED.

R.CRIM.P. 35(b). The plaintiff, however, has not supported this argument with any case law, and this Court cannot find any such legal support.

**6.** The Tucker Act contains one exception, which allows the Court jurisdiction to grant equitable relief with respect to "contract claim[s] brought before the contract is awarded." *See* 28 U.S.C. § 1491(a)(3). Section 1491(a)(3), however, is inapplicable to the plaintiff's present suit because the plaintiff alleges that the Government breached an already-existing contract. *See Ingersoll–Rand v. United States,* 2 Cl.Ct. 373 (1983).