**Elzie HOUSTON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 03–1656 C.**

United States Court of Federal Claims.

April 29, 2004.

**508**

Elzie Houston, Forth Worth, TX, acting pro se.

Douglas K. Mickle, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, DC, counsel of record for defendant, with whom were David M. Cohen, Director, Brian M. Simkin, Assistant Director, and Peter D. Keisler, Assistant Attorney General.

## OPINION

DAMICH, Chief Judge.

### I. Introduction

Before the Court is Defendant's Motion to Dismiss (hereinafter "Def.'s Mot."), alleging lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (hereinafter "RCFC"). Def.'s Mot. at 1. In its motion, Defendant alleges that the Court cannot hear Plaintiff's claim, which asserts breach of a plea bargain, because the Court of Federal Claims has no jurisdiction over agreements made within the criminal justice system. *Id.* at 4. Since the Court finds that Plaintiff "cites to no applicable section of the Constitution or to any statute or regulation entitling him to recover damages against the government in this court," Defendant's motion to dismiss is hereby GRANTED. *See Kania v. United States,* 227 Ct.Cl. 458, 650 F.2d 264, 268 (1981).

### II. Background

In September or October of 2000, Plaintiff was arrested for possession with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). Compl. at

3,[1] C.1. He was indicted in November 2000 and pled guilty in February 2001, after signing a plea bargain with an Assistant United States Attorney (hereinafter "AUSA"), who was acting on behalf of the United States. *Id.* at 3–4, B.1–B.7, C.1. At a sentencing hearing held in May 2001, the AUSA recommended that Plaintiff be sentenced to 51 months, a downward departure of 36 months from the bottom of the sentencing guideline range. *Id.* at 4, B.1. The sentencing judge replied, "That's lower than I was planning on going," but did decide to sentence Plaintiff to 51 months in jail, along with 5 years of supervised release. *Id.*

Plaintiff filed this pro se case on July 7, 2003, alleging that the Court has jurisdiction under the Contracts Disputes Act (hereinafter "CDA"), 41 U.S.C. § 601 *et seq.*; the Federal Question statute, 28 U.S.C. § 1331; the Declaratory Judgment Act, 28 U.S.C. § 2201; the Little Tucker Act, 28 U.S.C. § 1346(a)(2); and the Tucker Act, 28 U.S.C. § 1491(a)(1). Compl. at 2. He argues that the United States breached his plea agreement and violated his right to due process under the 5th Amendment. *Id.* at 7, 10; Plaintiff's Reply to United States Motion to Dismiss Complaint (hereinafter "Pl.'s Resp.") at 2.

Plaintiff's claims are based on ¶ 9 of the plea agreement, which says, in pertinent part:

> The Government will inform the sentencing Judge and the Probation Office of the nature and extent of [Houston]'s cooperation. The Government *cannot and does not make any promise or representations* as to what guideline range will be found applicable to [Houston] at sentencing, or what sentence he ultimately will receive.

*Id.* at A.4–A.5 (emphasis added); *see also id.* at 6–7. Plaintiff claims that the AUSA's recommendation at the sentencing hearing

breached the plea agreement, saying that ¶ 9 did not permit the AUSA to make any "representations" at the sentencing hearing. *Id.* at 6–7. As a result of this alleged breach, Plaintiff seeks a declaratory judgment and money damages in the amount of $300,000[2] for lost wages, illegal imprisonment, loss of liberty, and loss of marriage. *Id.* at 10.

Defendant filed its memorandum of intent to file a motion to dismiss on August 6, 2003. No response was filed by Plaintiff. Therefore, the Court, on September 5, ordered Defendant to file its motion to dismiss, which it did on September 26, 2003. Due to an extended briefing schedule,[3] briefing was completed on February 19, 2004.

### III. Standard of Review

This Court must grant Defendant's motion to dismiss if it finds that the Court of Federal Claims does not have jurisdiction over Plaintiff's claim. *Thoen v. United States,* 765 F.2d 1110, 1116 (Fed.Cir.1985). The Court must presume that the undisputed factual allegations included in Plaintiff's complaint are true. *Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557, (1977); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). However, in cases where the moving party questions subject matter jurisdiction, the nonmoving party, in this case Plaintiff, has the burden of proving that subject matter jurisdiction does indeed exist. *Id.* at 748. Since Plaintiff has not met this burden, his case must be dismissed.

### IV. Analysis

When the above standard of review is applied, it is apparent that, even with the facts construed in favor of Plaintiff, the Court has no subject matter jurisdiction under any of the following bases alleged in the complaint: (1) the CDA, (2) the Federal Question stat-

---

1. Plaintiff's complaint is divided into sections, with numbering starting anew at the beginning of each section. To avoid confusion, the Court will cite to page numbers as if the numbering began on the first page of the document and proceeded through the end.

2. In Plaintiff's Amended Complaint, which the Court is treating as Plaintiff's Sur–Response pur-

suant to its January 13, 2004 order, Plaintiff amended this amount to request $1.5 million in damages. Pl.'s Sur–Resp. at 23.

3. After Defendant's Reply was filed, Plaintiff requested to amend his response, which the Court treated as a motion for a sur-response and granted on January 6, 2004.

ute, (3) the Declaratory Judgment Act, (4) the Tucker Act, or (5) the 5th Amendment.

## A. *The CDA*

■ First, Plaintiff states that jurisdiction exists under the CDA. Compl. at 2. This statute applies to contracts with executive agencies for the procurement of goods or services. 41 U.S.C. § 602. Plaintiff claims that he meets these jurisdictional requirements because his contract was with an agency, namely the Department of Justice (hereinafter "DOJ"), and that it was "for the procurement of services ... for a guilty plea." Pl.'s Sur–Resp. at 3.

The Court disagrees with Plaintiff's interpretation of the CDA. First, since the United States and Houston were the only parties in the criminal case, it is unlikely that the plea agreement was signed on behalf of the DOJ, instead of on behalf of the United States itself. Second, even if the plea agreement was between the DOJ and Houston, a guilty plea does not fit into the common meaning of the word "service." Although the CDA does not define the word "service," the accepted meaning of the term is, "[e]mployment in duties or work for another, esp[ecially] a government." *See* The American Heritage College Dictionary 1246 (3d ed.1997); Webster's II New Riverside University Dictionary 1006 (1984). Furthermore, this definition has been used by at least one other court to define the word "service" in the context of the CDA. *See Flying Horse v. United States,* 49 Fed.Cl. 419, 426 (2001). Since neither of the above requirements has been met, this Court finds that it has no subject matter jurisdiction over Plaintiff's CDA claim.

## B. *The Federal Question Statute*

■ Next, Houston argues that the Federal Question statute gives this Court jurisdiction to hear his claim. Compl. at 2. Howev-

er, as that statute is limited to district courts, it does not apply to this case. *See* 28 U.S.C. § 1331 ("The *district courts* shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") (emphasis added); *see also Crocker v. United States,* 125 F.3d 1475, 1476 (Fed.Cir.1997).[4]

## C. *The Declaratory Judgment Act*

■ Third, Houston alleges that the Declaratory Judgment Act gives this Court jurisdiction over his claim. Compl. at 2. Although the statute states that "any court of the United States" may make declaratory judgments, the Act does not specifically provide this Court with the power to grant declaratory judgments. 28 U.S.C. § 2201. Therefore, the Supreme Court, when interpreting the Act, has stated that it "decline[s] to assume that the Court of Claims has been given the authority to issue declaratory judgments." *United States v. King,* 395 U.S. 1, 5, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). Since this Court is a successor to the original jurisdiction of the Court of Claims,[5] it follows that this Court also does not have the authority to issue declaratory judgments.

## D. *The Tucker Act*

■ Fourth, Plaintiff argues that jurisdiction is appropriate under the Tucker Act, which grants this Court jurisdiction "to render judgment upon any claim against the United States founded [ ] upon ... any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1); Compl. at 2. The Act serves as a waiver of sovereign immunity as to such claims, giving this Court jurisdiction over contract disputes between the government and private parties. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).

However, this Court does not have jurisdiction over all contract claims, because sov-

---

4. The Court also does not have jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), which Plaintiff briefly cites in his complaint. Compl. at 2. That Act grants jurisdiction to the district courts and the Court of Federal Claims over certain "claim[s] against the United States, *not exceeding $10,000 in amount.*" 28 U.S.C. § 1346(a)(2) (emphasis added). Since Plaintiff is

claiming damages of over $10,000, the statute does not apply to this case. *See* Compl. at 10; Pl.'s Sur–Resp. at 23.

5. *See* David B. Stinson, *The United States Court of Federal Claims Handbook and Procedures Manual* 1.2 (2d ed.2003) (hereinafter Stinson).

ereign immunity does not extend to every agreement made by the government. *See Kania*, 650 F.2d at 268; *Sadeghi v. United States*, 46 Fed.Cl. 660, 662 (2000). In general, courts have held that this Court does not have jurisdiction over cases in which the government acts in its sovereign capacity. *See, e.g., Doe v. United States*, 37 Fed.Cl. 74, 77 (1996). As the binding decision[6] of *Kania v. United States* says:

> The Congress undoubtedly had in mind as the principal class of contract case in which it consented to be sued, the instances where the *sovereign steps off the throne* and engages in purchase and sale of goods, lands, and services, transactions *such as private parties, individuals or corporations also engage in* among themselves.

650 F.2d at 268 (emphasis added); *see also Bloemker v. United States*, 229 Ct.Cl. 690, 692–93, 1981 WL 22103 (1981).

As a result, the question is whether Plaintiff's claim properly falls within the broad category of proprietary contracts, over which this Court has jurisdiction, or the narrow exception of contracts made in the government's sovereign capacity, over which this Court has no jurisdiction.

It seems obvious to this Court that a plea bargain is the type of contract that the government makes in its sovereign capacity, since private parties cannot make agreements with criminal defendants regarding criminal matters. *See Silva v. United States*, 51 Fed.Cl. 374, 378 (2002). In fact, the Court agrees with the reasoning in two other cases dealing with plea bargain contracts and finds that a plea bargain contract lies "at the heart of sovereign action." *Sadeghi*, 46 Fed.Cl. at 662; *Drakes v. United States*, 28 Fed.Cl. 190, 193 (1993) ("The plea agreement . . . manifestly was an act executed by the Government in its sovereign capacity.").

Although the Court has found that Plaintiff's contract with the government was made in the government's sovereign capacity, there is still a possibility that this Court has jurisdiction over Plaintiff's claim. This Court will

have jurisdiction if (1) the person who made the contract on behalf of the government, in this case the AUSA, had authority to bind the government to pay monetary damages; and (2) the contract's language provides for the payment of monetary damages in case of a breach by the government. *Kania*, 650 F.2d at 268.

First, the maker of the contract must have "specific authority . . . to make an agreement obligating the United States to pay money." *Id.* Specific authority is especially important here, since "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court." *Id.; see also Bloemker*, 229 Ct.Cl. at 692. Without such specific authority, this Court has generally held that it does not possess subject matter jurisdiction over agreements made in the course of criminal proceedings, such as plea agreements, immunity agreements, and witness protection agreements. *Sadeghi*, 46 Fed.Cl. at 662 (finding no jurisdiction over breach of a plea agreement); *see also Sanders v. United States*, 252 F.3d 1329, 1331, 1336 (Fed.Cir.2001) (finding that this court lacked jurisdiction over a post-trial stipulated release agreement); *Kania*, 650 F.2d at 269 (deciding that the court had no jurisdiction over an immunity agreement); *Drakes*, 28 Fed.Cl. at 194–95 (holding that the court had no jurisdiction over an alleged breach of a plea agreement); *Grundy v. United States*, 2 Cl.Ct. 596, 598–99 (1983) (finding that the court lacked jurisdiction over a witness protection agreement).

In at least two of the above cases and in the case at bar, the person who allegedly made the contract on behalf of the government was an AUSA. Compl. at A.7; *see Sanders*, 252 F.3d at 1331; *Sadeghi*, 46 Fed. Cl. at 661. However, neither *Sanders* nor *Sadeghi* found that the AUSA had the authority to bind the government to pay monetary damages upon breach. Similarly, the Court here finds that there is no indication that the AUSA actually had authority to

---

**6.** The United States Court of Appeals for the Federal Circuit is a successor to the appellate jurisdiction of the United States Court of Claims. Stinson, *supra* note 5, at 1.2. Therefore, the decisions of the Court of Claims are binding on this Court. *South Corp. v. United States*, 690 F.2d 1368, 1370 (Fed.Cir.1982) (en banc).

obligate the federal government to pay money. Furthermore, as in *Kania*, Plaintiff has made "no attempt to show the AUSA had such authority." 650 F.2d at 268.

Second, the contract must "spell[ ] out how in such a case the liability of the United States is to be determined," or, in other words, it must "clearly and unmistakably subject[ ] the government to monetary liability for any breach." *Id.; Sanders v. United States,* 252 F.3d at 1335. Furthermore, "such liability should not be implied." *Sanders,* 252 F.3d at 1336. Unfortunately for Plaintiff, there was no language in the plea agreement, explicit or otherwise, requiring the government to pay monetary damages upon breach.

Finally, the Court agrees with *Sadeghi*, which said, "The plea agreement is a creation of the criminal justice system and contains no specific language on the determination of liability. These reasons alone place [it] ... outside the jurisdiction of this court." 46 Fed.Cl. at 663. Instead, "[p]lea agreements are creations of the criminal justice system and must remain within that system for enforcement." *Drakes,* 28 Fed.Cl. at 195. For these reasons and for the reasons stated above, the Court finds that it does not have jurisdiction under the Tucker Act to hear Plaintiff's claim.

### E. *The 5th Amendment*

 Finally, Plaintiff alleges that his 5th Amendment rights have been violated. Compl. at 10; Pl.'s Resp. at 2.[7] Although the Court of Federal Claims has jurisdiction to hear claims "founded [ ] upon the Constitution," that jurisdiction is not limitless. 28 U.S.C. § 1491(a)(1). In the binding decision *Eastport Steamship Corp. v. United States,* the court set forth the "two somewhat overlapping classes" of non-contractual claims[8] over which this Court has jurisdiction:

[T]he non-contractual claims we consider ... [are] those in which the plaintiff has

paid money over to the Government, directly or in effect, and seeks return of all or part of that sum; and those demands in which money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury. 178 Ct.Cl. 599, 372 F.2d 1002, 1007 (1967).

The standards of the first category obviously have not been met here, as Plaintiff has paid no money to the government in relation to his claim. Therefore, the second category is the one most applicable to Plaintiff's claim. However, for a constitutional claim to properly fall into this category, "[t]he claim must, of course, be for money." *Id.* And unfortunately for Plaintiff, the Court of Claims has held that "except for the taking clause of the fifth amendment, the other amendments do not require the United States to pay money for their alleged violation." *Elkins v. United States,* 229 Ct.Cl. 607, 608, 1981 WL 22073 (1981). Furthermore, the Court of Claims has specifically held that, "[i]nsofar as plaintiff's claim attempts to stand on the Due Process Clause of the Fifth Amendment as mandating recovery ..., this court has no jurisdiction because that constitutional provision does not in itself obligate the Federal Government to pay money damages." *Walton v. United States,* 213 Ct.Cl. 755, 757, 1977 WL 9601 (1977); *accord Fifth Third Bank v. United States,* 57 Fed.Cl. 586, 587–88 (2003). As a result, Plaintiff's Due Process claim must be dismissed for lack of subject matter jurisdiction.

### V. Conclusion

Because the Court has found that it lacks subject matter jurisdiction over Plaintiff's claim, it is ORDERED that this case is DISMISSED without prejudice. Therefore, the Clerk of the Court is instructed to enter judgment for Defendant.

---

7. Plaintiff also mentions in passing that the government violated his 14th Amendment due process rights and his 6th Amendment rights. Pl.'s Resp. at 2; Pl.'s Sur–Resp. at 23. However, the 14th Amendment due process clause only applies to state, not federal, actions, and the 6th Amend-

ment does not obligate the government to pay money. *See infra.*

8. These are claims founded upon the Constitution, a federal statute, or executive department regulations. *See* 28 U.S.C. § 1491(a)(1).