Tyrone HURT, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 05–188 C.

United States Court of Federal Claims.

Feb. 8, 2005.

Tyrone Hurt, Washington, DC, pro se.

### OPINION AND ORDER

HEWITT, Judge.

Before the court are plaintiff's Application to Proceed In Forma Pauperis under 28 U.S.C. § 1915(a) and plaintiff's complaint. Solely for the purpose of addressing whether the court has jurisdiction, the Application to Proceed in Forma Pauperis is GRANTED. The complaint, however, must be dismissed.

The jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when a claim is grounded in a contract, a money-mandating statute, or certain provisions of the United States Constitution, including the "takings clause" of the Fifth Amendment. *See* 28 U.S.C. § 1491 (2001); *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).

The court has an obligation to examine its own jurisdiction at all stages of a proceeding. *See Wood–Ivey Systems Corp. v. United States*, 4 F.3d 961, 967 (Fed.Cir. 1993) (stating that the issue of jurisdiction "may be considered at any time, even for the first time on appeal, and can be raised *sua sponte* by the court"); *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed.Cir. 1988) (stating that "[a] court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt"). The court now considers whether the case should be dismissed in accordance with Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC) for lack of subject matter within the jurisdiction of the court. RCFC 12(b)(1).

RCFC 8(a) requires plaintiff to set forth a jurisdictional basis for his claim. RCFC 8(a) (requiring a pleading to include "a short and plain statement of the grounds upon which the court's jurisdiction depends"). Upon re-view of plaintiff's complaint, the court cannot discern a claim raised over which the court has jurisdiction. Plaintiff's complaint appears to challenge "a two (2) year set-off [imposed] by the D.C. Board of Parole after [plaintiff] has served a twenty (20) year to life imprisonment sentence." Complaint at 1. Plaintiff specifically alleges violations of the Fifth and Eighth Amendments of the United States Constitution. *Id.* at 2. Plaintiff also invites the court to "see: all cases concerning negligence." *Id.*

Allegations made in a pro se complaint are to be held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, after careful examination of the complaint, and drawing all reasonable inferences in plaintiff's favor, none of the allegations made by plaintiff can be fairly read to state a claim within this court's jurisdiction.

The court cannot hear claims sounding in tort (negligence claims). *See* 28 U.S.C. § 1491(a)(1) (jurisdiction does not extend to "cases ... sounding in tort"). Nor can the court hear constitutional due process claims under the Fifth Amendment or claims under the Eighth Amendment of the Constitution. *See Houston v. United States*, 60 Fed.Cl. 507, 512 (2004) ("Insofar as plaintiff's claim attempts to stand on the Due Process Clause of the Fifth Amendment as mandating recovery ..., this court has no jurisdiction because that constitutional provision does not in itself obligate the Federal Government to pay money damages.") (citations omitted); *see also Ogden v. United States*, 61 Fed.Cl. 44, 47 (2004) ("Not every claim, however, which involves or invokes the Constitution necessarily confers jurisdiction on this court.").

Because the court lacks jurisdiction over the claims asserted in plaintiff's complaint, the Clerk of the Court is directed to dismiss the complaint. No costs.

IT IS SO ORDERED.