NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GABRIEL DONNELLY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1651

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00247-EHM, Judge Edward H. Meyers.

---

Decided:  October 19, 2023

---

GABRIEL DONNELLY, Wasilla, AK, pro se.

AUGUSTUS JEFFREY GOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before STOLL, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

Gabriel Donnelly appeals the final decision of the United States Court of Federal Claims dismissing sua sponte his complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims (RCFC). *See Donnelly v. United States*, 164 Fed. Cl. 603, 604 (2023). We affirm because the trial court correctly concluded that it lacks subject matter jurisdiction over Mr. Donnelly's claims.

## BACKGROUND

On February 17, 2023, the United States Court of Federal Claims received Mr. Donnelly's pro se complaint. J.A.[1] 10–13 (Complaint). The Complaint primarily alleges that Alaska officials—namely Mr. Donnelly's public defender, the district attorney, and the judge—are currently violating Mr. Donnelly's constitutional rights in a state criminal matter pending before Alaska's Third Judicial District Court in Palmer, Alaska. *See id.*

The Complaint asserts that the Court of Federal Claims has jurisdiction under the Tucker Act (28 U.S.C. § 1491), the Treaty of Cession (Russ.–U.S., Mar. 30, 1867, 15 Stat. 539), Mr. Donnelly's Fifth Amendment rights set forth in *Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966), the Speedy Trial Act (18 U.S.C. § 3161), and a "breach of contract" under 28 U.S.C. § 1346(a)(2). J.A. 10.

The trial court dismissed Mr. Donnelly's Complaint against the United States after it concluded it lacked subject matter jurisdiction over criminal matters and actions against parties other than the United States. *See Donnelly*, 164 Fed. Cl. at 604–06. The trial court also addressed Mr. Donnelly's breach of contract claim and found

---

[1]    "J.A." refers to the appendix that the United States filed concurrently with its informal brief.

that "Donnelly's contract allegations are frivolous" since "there is not a single allegation that a federal official ever communicated with Donnelly or agreed to anything." *Id.* at 605–06.

On appeal, Mr. Donnelly argues that the trial court erred when dismissing his complaint by failing to consider the Tucker Act, the Treaty of Cession, an Alaskan state statute,[2] and his Fifth Amendment rights as set forth in *Miranda*. We have jurisdiction to review this final decision under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims' dismissal of a complaint for lack of subject-matter jurisdiction de novo. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). A plaintiff must establish jurisdiction because under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). And while we construe pro se filings like Mr. Donnelly's liberally, that does not alleviate Mr. Donnelly's burden to establish subject-matter jurisdiction by a preponderance of the evidence. *M. Maropakis Carpentry*, 609 F.3d at 1327; *see Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

The Court of Federal Claims is a court of limited jurisdiction, meaning it can hear only certain types of legal claims. And "th[at] jurisdictional reach of the Court of Federal Claims is set forth in the Tucker Act." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343

---

[2]    In his request for relief Mr. Donnelly cites an Alaskan statute regarding a limited waiver of sovereign immunity by the State of Alaska. *See* Alaska Stat. Ann. § 09.50.250 (West); J.A. 13.

(Fed. Cir. 2008).  The Tucker Act states in relevant part that:

> [t]he . . . Court of Federal Claims shall have jurisdiction to render judgment upon any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (emphasis added).  Crucially, the Tucker Act is a jurisdictional statute; it does not create a substantive cause of action.  *Rick's Mushroom Serv.*, 521 F.3d at 1343 (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)).  Therefore, to establish subject matter jurisdiction, a "plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States." *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)).  In other words, the Court of Federal Claims has jurisdiction where a plaintiff makes a claim for money damages based on a "money-mandating source" of substantive law *and* makes "a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source."  *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1306, 1309 (Fed. Cir. 2008).

Mr. Donnelly fails to establish subject matter jurisdiction under the Tucker Act because (1) the Complaint seeks relief from an underlying criminal matter; (2) the Complaint contains allegations exclusively against parties other than the United States; and (3) the Complaint fails to plausibly link the allegations to a money-mandating source of substantive law to fall within the subject-matter jurisdiction of the Court of Federal Claims.  We address each deficiency in turn.

First, the Court of Federal Claims correctly concluded that it has no jurisdiction over criminal matters and therefore must dismiss Mr. Donnelly's claims related to that matter. *See* 28 U.S.C. § 1491; *Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994); *Sanders v. United States*, 252 F.3d 1329, 1335 (Fed. Cir. 2001). In addition to the fact that Mr. Donnelly's Complaint is generally related to his criminal prosecution, Mr. Donnelly specifically requests that the trial court "[d]ismiss [his] criminal case with extreme prejudice." J.A. 10–13; *see* Reply Br. 3–5. Thus, it is clear Mr. Donnelly seeks review of his underlying criminal case. However, the Court of Federal Claims does not have the authority to review any of the judgments of the Alaska state and federal courts with respect to his criminal case or grant the relief requested. *See Joshua*, 17 F.3d at 379; *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) (nonprecedential). As such, Mr. Donnelly's request for relief does not fall within the trial court's jurisdiction.

Second, we turn to the Complaint's exclusive identification of state officials responsible for committing alleged harms. This is fatal to Mr. Donnelly's assertion of subject matter jurisdiction because the trial court lacks jurisdiction to hear claims against any party other than the United States. *See* 28 U.S.C. § 1491(a)(1). "Because the United States is the only 'proper defendant' at the Court of Federal Claims, the trial court 'lacks jurisdiction over states, state officials, and state agencies.'" *Sheakley v. United States*, No. 2023-1115, 2023 WL 5125183, at *2 (Fed. Cir. 2023) (nonprecedential) (quoting *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015) (nonprecedential)). Although Mr. Donnelly's Complaint names the United States as Defendant, the Complaint only sets forth allegations implicating "Alaska State Troopers" the "3rd Judicial District Court," the "Judge" assigned to Mr. Donnelly's case, the "Palmer District Attorney Office," and Mr. Donnelly's "Palmer Public Defender"—all officials of Alaska, not the

United States. *See* J.A. 12; Reply Br. 3–5. The Complaint does not allege a single fact to support any claim against the United States. *See* J.A. 10–13; *see also* Reply Br. 1–5. Thus, the trial court properly dismissed Mr. Donnelly's Complaint.

Last, we address the Complaint's failure to plausibly link the allegations to a money-mandating source of substantive law within the subject-matter jurisdiction of the trial court. As an initial matter, the Complaint states claims under various amendments of the United States Constitution (Fifth, Sixth, Eighth, and Ninth Amendments), the Treaty of Cession, the Speedy Trial Act, a "breach of contract," and an Alaskan state statute. J.A. 10–13. However, only the "breach of contract" allegation could even conceivably be a claim that might be proper before the trial court.[3]   *See Fisher v. United States*,

---

[3]   The cited Constitutional amendments are not money-mandating sources of substantive law. *See Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) (per curiam) ("[E]xcept for the taking clause of the [F]ifth [A]mendment, the other amendments do not require the United States to pay money for their alleged violation."). And Mr. Donnelly's Complaint neither invokes the Takings Clause of the Fifth Amendment nor pleads facts to support a Takings Clause claim. J.A. 10–13. Likewise, the "Treaty of Cession" does not appear to be a money-mandating source and Mr. Donnelly fails to establish jurisdiction by showing how the Treaty of Cession is a money-mandating source or indicating how he is within the class of plaintiffs that could recover under the act. *See id.* Additionally, the cited Alaskan state statute provides a cause of action against the state of Alaska in Alaska state court. *See* Alaska Stat. Ann. § 09.50.250 (West). The Court of Federal Claims, however, does not have jurisdiction over state law claims. *Souders*

402 F.3d 1167, 1173 (Fed. Cir. 2005) ("[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act."). Still, this claim fails because Mr. Donnelly does not plead any facts to support such a claim. *See generally Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021) (explaining that the Court of Federal Claims may dismiss frivolous allegations of breach of contract with the government). As the trial court correctly found, a contract between Mr. Donnelly and the United States does not plausibly exist because the Complaint does not contain "a single allegation that a federal official ever communicated with Donnelly or agreed to anything." *Donnelly*, 164 Fed. Cl. at 606. Dismissal of Mr. Donnelly's Complaint remains proper.

## CONCLUSION

We have considered Mr. Donnelly's remaining arguments and find them unpersuasive. For the reasons above, we affirm.

**AFFIRMED**

---

*v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are . . . outside the scope of the limited jurisdiction of the Court of Federal Claims."). Thus, Mr. Donnelly fails to meet his jurisdictional requirement for these other claims.