"This case comes before the court on the parties’ cross-motions for summary judgment. After considering the briefs, the affidavits and documents filed, as well as the oral argument, the court concludes that there are disputed issues of fact and of law which call for further exploration and ventilation in the Trial Division. The respective motions for summary judgment are therefore denied without prejudice and the case is returned to the Trial Division for further proceedings. Because this court does not at this time have jurisdiction over claims arising under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16(a) et seq. (see Allison v. United States, 211 Ct. Cl. 332 (1976)), the trial judge will not try or consider any issues cognizable under that Act, and the disposition of such Civil Rights Act issues is reserved for further order of the court.”
On June 23, 1978 the court entered the following order:
"By order of April 4, 1978, this court held that there were issues of fact requiring trial. The parties’ motions for summary judgment were, therefore, denied. Defendant moves for rehearing, asserting that we have overlooked the distinction as to the judicial review rights of a tenured civil servant and a probationary employee, in the event of an adverse action, that the latter is entitled to correction only of arbitrary or capricious action, and that the court cannot intervene if any of the reasons for plaintiffs removal were facially valid.
"We noted that defendant had not filed the administrative record in support of its motion, and the only record before us was apparently obtained by plaintiff under the Freedom of Information Act, 5 U.S.C.§ 552, as amended. Such record was incomplete and 'sanitized.’ It raised more fact questions than it answered.
"The court recognizes the position of the probationary employee and that plaintiff was such an employee. However, the court considers that, even on that premise, *451 there remain material issues of fact which should be resolved before the case is finally decided. Accordingly, defendant’s motion for reconsideration is denied and the order of April 4, 1978, is reaffirmed.”