**Sylvia CARAVETTA, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 04–5059.

United States Court of Appeals, Federal Circuit.

Oct. 6, 2004.

Before NEWMAN, MICHEL, and BRYSON, Circuit Judges.

DECISION

PER CURIAM.

Sylvia Caravetta, a former employee of the General Services Administration ("GSA"), appeals the decision of the Court of Federal Claims dismissing her complaint for lack of subject matter jurisdiction. *Caravetta v. United States*, No. 03–795C (Fed.Cl. Oct. 2, 2003). The Court of Federal Claims ruled that Ms. Caravetta's action was barred by the statute of limitations. We *affirm.*

BACKGROUND

Ms. Caravetta was employed by GSA until she was removed from her position on September 19, 1996. During her employment, she filed a discrimination complaint with GSA's Equal Employment Opportunity Office in which she alleged that she had been the victim of employment discrimination by being treated less favorably than similarly situated male employees. The Equal Employment Opportunity Office rejected her claim on the ground that she had failed to prove that she suffered discrimination. After filing a second complaint with the agency's Equal Employment Opportunity Office, which was rejected on the same ground, she filed an action against the agency in the United States District Court for the Eastern District of Virginia. That action, which was subsequently transferred to the United States District Court for the District of Columbia, alleged various civil rights violations, including sexual harassment. On September 30, 1999, more than three years

after her removal from her position with GSA, Ms. Caravetta filed a new action in the United States District Court for the District of Columbia, in which she claimed for the first time that the agency had violated the Equal Pay Act, 29 U.S.C. § 206(d). She also claimed a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. The district court consolidated the two actions. In January 2003 the district court dismissed the Equal Pay Act claim for lack of jurisdiction, and in March 2003 the court dismissed the remainder of Ms. Caravetta's claims for lack of prosecution.

On April 21, 2003, Ms. Caravetta filed the present action in the Court of Federal Claims. She again alleged that GSA had violated the Equal Pay Act and the Civil Rights Act of 1964 by paying her less than her male counterparts. The Court of Federal Claims dismissed Ms. Caravetta's claims under the Civil Rights Act on the ground that such claims are not within the jurisdiction of the Court of Federal Claims. The court dismissed the Equal Pay Act claim as barred by the three-year statute of limitations for claims under that Act.

## DISCUSSION

Ms. Caravetta argues that hear case should be heard, although she does not specifically address the grounds for dismissal adopted by the trial court. We agree with the trial court that dismissal was required in this case. With respect to her claim under the Civil Rights Act of 1964, it has long been held that the Court of Federal Claims lacks jurisdiction over such claims. *See Elkins v. United States,* 229 Ct.Cl. 607, 608 (1981); *Williams v. United States,* 216 Ct.Cl. 449, 450 (1978). With respect to her claim under the Equal Pay Act, her complaint in the Court of Federal Claims was filed long after the

expiration of the three-year statute of limitations for Equal Pay Act claims. Her cause of action accrued at the end of her employment, *see Jenkins v. Home Ins. Co.,* 635 F.2d 310, 311–12 (4th Cir.1980), which occurred on September 19, 1996, and she did not file her action in the Court of Federal Claims until April 2003, more than six years later. Even if the time for filing would be tolled by her district court filing in which she first raised her Equal Pay Act claim, the statute of limitations would still bar her action, because that action was not filed until September 30, 1999, more than three years after her cause of action accrued. We therefore uphold the ruling of the Court of Federal Claims dismissing Ms. Caravetta's action for lack of subject matter jurisdiction.