Richard E. COLLINS, Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–Appellee.

No. 95–5030.

United States Court of Appeals, Federal Circuit.

Sept. 27, 1995.

Rehearing Denied Oct. 25, 1995.

Richard B. Tanner, Attorney, of Dallas, Texas, argued for plaintiff-appellant.

Dean L. Grayson, Attorney, Department of Justice, of Washington, DC, argued for defendant-appellee. Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director and James M. Kinsella, Assistant Director, Commercial Litigation Branch, Department of Justice, of Washington, DC, were on the brief for defendant-appellee.

Before NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.

SKELTON, Senior Circuit Judge.

The plaintiff, Richard E. Collins, appeals the decision of the United States Court of Federal Claims of October 31, 1994, which dismissed his suit for attorney fees he incurred while defending himself in certain administrative hearings, for lack of jurisdiction. For reasons stated below, we affirm.

The facts in the case are not in dispute, and we adopt the findings of fact made by the court below, which are as follows:

*Facts*

Plaintiff, Lieutenant Colonel Richard E. Collins (Collins), served as the commanding officer of the 4005th Dental Detachment, a reserve unit of the United States Army located in Houston, Texas. On November 12, 1992, Brigadier General Frank M. Brown, Commander of the 807th Medical Brigade, removed Collins from his command position. This decision was based upon the recommendation of Colonel Roger M. Weed, Commander of the 831st Medical Detachment.

After his dismissal various administrative actions were undertaken involving Collins, including Officer Efficiency Reports, an Article 138 complaint against Commanders Weed and Brown, a written reprimand, a report of survey, a relief for cause review, and an investigation into a possible Uniform Code of Military Justice (UCMJ) violation. Army regulations provide in relevant part, that "[l]egal assistance will be provided to clients on military administrative matters if required by law or army regulation (including this regulation)." Army Regulations 27–3, ¶ 3–6g(1). These regulations require that counsel be provided for reports of survey, *id.* at g(4)(b), officer evaluation reports, *id.* at g(4)(e), memoranda of reprimand, *id.* at g(4)(j), and article 138, UCMJ complaints, *id.* at g(4)(k).

Pursuant to those regulations, Collins requested army appointed counsel to aid him in the aforementioned actions. Each request was apparently denied by the army. In need of counsel, Collins hired attorney Richard B. Tanner (Tanner) to represent him in December of 1992. Tanner, on behalf of Collins, sought the appointment of army counsel for Collins as required by army regulations. In addition he requested that the United States pay the attorney's fees Collins had incurred

as a result of his need to retain outside counsel. Both requests were refused. Tanner responded by filing a claim for his attorney's fees with the United States Army Claims Service. This claim, and subsequent appeals were reviewed under both the Federal Tort Claims Act and the Military Claims Act. The claim was denied by the claims division. Collins filed suit in the United States Court of Federal Claims seeking reimbursement under the Military Claims Act for $15,000 in attorney's fees.

## Discussion

■ The trial court, on motion of defendant, dismissed plaintiff's complaint for lack of jurisdiction. The plaintiff argues on appeal that the court below had jurisdiction of the case under the Tucker Act, 28 U.S.C. § 1491(a)(1), because his suit was upon a claim against the United States under the Military Claims Act (MCA), 10 U.S.C. §§ 2733–37, and section 1491 authorizes the Court of Federal Claims to decide such claims. In making this argument, the plaintiff misinterprets the Tucker Act. It is true that the Act waives sovereign immunity of the government, but it does not create any substantive right to recover money damages. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). The Supreme Court held in *Testan* that "entitlement to money damages depends upon whether any federal statute can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained", citing *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 372 F.2d 1002 (1967). Since the Tucker Act does not mandate the payment of plaintiff's alleged damages, to recover he must base his claim on some other statute that creates a substantive right by mandating the payment of his claim. The statute relied upon must grant a right of action with specificity. *Testan*, at 400, 96 S.Ct. at 954. The plaintiff says that the MCA, *supra*, meets these requirements and fairly mandates the payment of his claim.

The MCA provides in pertinent part as follows:

Section 2731: In this chapter *"settle" means* consider, ascertain, adjust, deter-

mine and dispose of a claim, whether by full or partial allowance or *by disallowance*.

Section 2733(a): Under such regulations as the Secretary concerned may prescribe, he ... may settle, and pay in the amount not more than $100,000, a claim against the United States for ... damage to or loss of personal property....

Section 2735: Notwithstanding any other provision of law, *the settlement of a claim* under sections 2733, 2734, 2734a, 2734b or 2737 of this title *is final and conclusive*.

(emphasis added)

■ We note that section 2733(a) is permissive and not mandatory. It provides that the Secretary "may" settle and pay claims. Action by him in settling and paying claims is entirely discretionary and not mandatory. Title 10 U.S.C. § 101 (General Military Law) states "in this title the word 'shall' is used in an imperative sense and the word 'may' is used in a permissive sense". We apply these definitions in this case. The court of claims held in *Holder v. Dept. of the Army*, 229 Ct.Cl. 417, 422, 670 F.2d 1007, 1011 (1982) that discretionary authority to pay a claim "does not give rise to a claim of money damages against the United States". *Testan, supra*, was a suit for back pay for wrongful classification of government employees and was based on the Classification Act, 5 U.S.C. § 5101, and the Back Pay Act, 5 U.S.C. § 5596. The Supreme Court held that the court of claims did not have jurisdiction to hear the claim because the classification was discretionary, and neither the Classification Act nor the Back Pay Act mandated the payment of money damages for wrongful classification claims. *Testan, supra*, at 406, 96 S.Ct. at 957.

We conclude that the payment of plaintiff's claim was discretionary with the Secretary and that section 2733(a) of the MCA did not fairly mandate its payment. Consequently, when he denied the claim the court below did not have jurisdiction to consider it.

Section 2731 of the MCA provides that a claim is settled when it is disallowed. That is what happened here when the Army Claims Service disallowed plaintiff's claim.

Section 2735 states that the settlement of a claim is final and conclusive. We have not heretofore had occasion to construe and interpret this statute and its meaning is a matter of first impression with us.

We now consider whether the settlement of plaintiff's claim under the provisions of section 2731 and the finality clause in section 2735 deprived the trial court of jurisdiction over plaintiff's case. The Supreme Court held in *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 778–79, 105 S.Ct. 1620, 1626–27, 84 L.Ed.2d 674 (1985) that when a statute is specific in withholding judicial review, then judicial review is excluded. In *United States v. Babcock,* 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011 (1919), an army officer filed a claim under a military claim statute for the loss of a horse during military service. The statute provided that officials of the Treasury would determine and pay such claims and that once decided all claims were finally determined and not to be reopened. The comptroller of the Treasury refused to pay the claim. On appeal the court of claims allowed recovery, but the Supreme Court reversed, stating that the court of claims did not have jurisdiction to hear the case because the finality provisions in the statute conferred exclusive jurisdiction on the Treasury Department and its decision was final.

The court of claims had occasion to examine the effect of a finality statute in *Shull v. United States,* 228 Ct.Cl. 750 (1981). There the claim was for damage to personal property of an army soldier during shipment. The claim was filed with the army under the Military Personnel and Civilian Employees Claims Act of 1964, 31 U.S.C. §§ 240–243. Section 240(3) of that statute had the same identical words regarding settling military claims as section 2731 of the statute in the case before us. Also, section 242 of the statute in *Shull* had exactly the same words regarding finality of settlement as section 2735 of the instant case. For all practical purposes these portions of the two statutes were the same. In *Shull* the soldier's claim was disallowed and he appealed to the court of claims. The court held that section 242 (finality of settlement) precluded judicial re-

view and dismissed the petition. The decision in that case is directly in point on the case before us.

Various circuit courts of appeal and district courts have considered and decided that judicial review of settlements of military claims under the MCA is precluded by the finality provisions of section 2735 of the statute. *See Schneider v. United States,* 27 F.3d 1327 (8th Cir.1994) where the court stated:

> Every circuit that has addressed the language of section 2735 has concluded that it precludes judicial review of the military's disallowance of a claim under the Act, absent a constitutional claim. *See Hata v. United States,* 23 F.3d 230, 232–33 (9th Cir.1994); *Rodrigue v. United States,* 968 F.2d 1430, 1432–34 (1st Cir.1992); *Poindexter v. United States,* 777 F.2d 231, 233–37 (5th Cir.1985); *Broadnax v. United States Army,* 710 F.2d 865, 867 (D.C.Cir. 1983); *LaBash v. United States Dept. of the Army,* 668 F.2d 1153, 1155–6 (10th Cir.1982), *cert. denied,* 456 U.S. 1008 [102 S.Ct. 2299, 73 L.Ed.2d 1303] (1982); *But see Welch v. United States,* 446 F.Supp. 75, 77–78 (D.Conn.1978) (suggesting broad judicial review). We now join our sister circuits in holding that section 2735 is unambiguous and that absent a constitutional claim the disallowance of a claim under the Military Claims Act is not subject to judicial review.

*Schneider,* 27 F.3d at 1332.

■ The claim in this case was a military matter that required military discretion and expertise in its disposition. We are convinced that when Congress included the finality provision in the Military Claims Act it intended that army claims would be considered and disposed of by the army and not by the courts. We are mindful of the comments of the Supreme Court in *Orloff v. Willoughby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953) regarding the relationship of the army to the courts. There the Court stated:

> ... judges are not given the task of running the Army.... The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere

with legitimate army matters as the army must be scrupulous not to intervene in judicial matters....

*Orloff v. Willoughby, supra,* at 93, 94, 73 S.Ct. at 540.

We hold that the disallowance of plaintiff's claim under section 2731 by the army settled his claim, and that this settlement was final and conclusive under section 2735 and not subject to judicial review. Therefore, the court below was without jurisdiction to consider the claim and it was properly dismissed.

Finally, the plaintiff argues that the trial court had jurisdiction of his claim because his constitutional rights under the due process clause of the 5th Amendment were violated. In making this argument, he obviously tries to base his claim on a constitutional exception to the enforcement of the finality clause in section 2735 of the statute. However, this contention is of no help to him, because the trial court did not have jurisdiction over money claims that are based upon an alleged violation by the government of the due process clause. This is so because the due process clause does not obligate the government to pay money damages. *See Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989); *United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983) (*in banc*), cert. denied, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984); *Inupiat Community v. United States,* 230 Ct.Cl. 647, 662, 680 F.2d 122, 132 (1982), *cert. denied,* 459 U.S. 969, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982). *See also Carruth v. United States,* 224 Ct.Cl. 422, 445, 627 F.2d 1068, 1081 (1980); *Werner v. United States,* 218 Ct.Cl. 746, 749, 1978 WL 23861 (1978), *cert. denied,* 441 U.S. 963, 99 S.Ct. 2410, 60 L.Ed.2d 1068 (1979); *Walton v. United States,* 213 Ct.Cl. 755, 757, 1977 WL 9601 (1977).

Finding no error in the decision of the trial court, it is affirmed.

*AFFIRMED.*