Robert L. COOPER, Sr., Ret., USAF, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 96–558C.

United States Court of Federal Claims.

Feb. 7, 1997.

Robert L. Cooper, Sr., Ret., USAF, Lajes Field Azores, Portugal, pro se plaintiff.

David B. Stinson, Department of Justice, Washington, D.C., with whom was Assistant Attorney General Frank W. Hunger, for defendant. David M. Cohen, Director; and Sharon Y. Eubanks, Deputy Director, of counsel.

## OPINION

FUTEY, Judge.

This case is before the court on defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction pursuant to RCFC 12(b)(1). In his complaint, plaintiff seeks reimbursement of funds paid to Portuguese authorities allegedly as a result of negligence on the part of defendant. Defendant argues that plaintiff's cause of action sounds in tort and is, therefore, beyond the jurisdiction of the court. In addition, defendant asserts that plaintiff has failed to identify any statute or regulation mandating payment of the claimed damages. Plaintiff contends that, because his claim is based upon an erroneous practice by defendant, his complaint should not be dismissed.

### Factual Background

In September 1994, plaintiff, a retired service member of the United States Air Force (Air Force) residing in Portugal, purchased an automobile from a member of the United States military forces stationed at Lajes Field, Azores, Portugal (Lajes Field). Plaintiff registered the vehicle with the Air Force security police, which had previously registered vehicles and issued United States Forces Azores (USFORAZORES) license plates to other military retirees. Pursuant to the Portuguese–American Technical Agreement of 1984 (Technical Agreement), registration of vehicles with the Air Force security police exempts United States service members from paying Portuguese customs taxes and vehicle registration fees.

On January 6, 1995, the Portuguese National Guard Fiscal Brigade (GNR) learned that military retirees had registered their privately owned vehicles with the Air Force security police. The GNR and Air Force security police agreed that the registration of vehicles owned by military retirees violated the Technical Agreement. United States officials concur with that conclusion.

Two days later, the GNR asked the Air Force Office of Special Investigations (OSI) to provide the GNR with a list of military retirees who had registered their vehicles with the Air Force security police and received USFORAZORES license plates. The GNR then requested OSI assistance in locating the retirees' vehicles. The GNR warned that, absent such assistance, it would obtain search warrants and seize the retirees' vehicles. Subsequently, the OSI notified plaintiff and other retirees who had registered their vehicles with the Air Force security police to appear, with their vehicles and other specified documentation, at the GNR customs house on January 20, 1995. At that time, Portuguese customs officials impounded plaintiff's vehicle, as well as vehicles owned by other retirees, until customs taxes, registration fees, and appropriate fines were paid. Portuguese authorities assessed against plaintiff such fines in the amount of $7,935.

Regarding these fines and other related expenditures, on May 22, 1995, plaintiff submitted to the Air Force a claim for damages in the amount of $9,740. The Air Force adjudicated plaintiff's claim under § 2733 of the Military Claims Act (MCA), 10 U.S.C. §§ 2731–38 (1994). On July 24, 1995, the Air Force Staff Judge Advocate, Headquarters, 65th Air Base Wing, denied plaintiff's claim. By letter dated September 8, 1995, the Air Force Legal Services Agency denied plaintiff's appeal of that decision.

Plaintiff filed his complaint in this court on September 4, 1996. Plaintiff again seeks reimbursement of $9,740 in fees allegedly incurred as a result of the improper registration of his vehicle with the Air Force security

police.[1] Plaintiff also requests compensation for pain and suffering in the amount of $5,260. Defendant filed its motion to dismiss plaintiff's complaint on November 4, 1996.

## Motion to Dismiss

In ruling on a motion to dismiss for lack of jurisdiction under RCFC 12(b)(1), the court must accept as true the complaint's undisputed factual allegations and construe the facts in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *see also Hamlet v. United States*, 873 F.2d 1414, 1415 (Fed.Cir.1989); *Farmers Grain Co. v. United States*, 29 Fed.Cl. 684, 686 (1993). A plaintiff must make only a *prima facie* showing of jurisdictional facts through the submitted material in order to avoid a defendant's motion to dismiss. *See Raymark Indus. v. United States*, 15 Cl.Ct. 334, 338 (1988) (citing *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977)). If the undisputed facts reveal any possible basis on which the nonmoving party might prevail, the court must deny the motion. *See Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686; *see also Lewis v. United States*, 32 Fed.Cl. 59, 62 (1994). If, however, the motion challenges the truth of the jurisdictional facts alleged in the complaint, the court may consider relevant evidence in order to resolve the factual dispute. *See Rocovich v. United States*, 933 F.2d 991, 994 (Fed.Cir.1991); *see also Lewis*, 32 Fed. Cl. at 62.

## Discussion

In the present case, plaintiff, proceeding *pro se*, does not state a particular theory of his case.[2] Instead, plaintiff simply asserts that the fines assessed against him by Portuguese authorities resulted from negligence on the part of Air Force personnel at Lajes Field. As such, plaintiff contends that defendant should reimburse him for his claimed damages and compensate him for his alleged

---

1. This amount is comprised of $7,935 in fines, $1,660 in transportation costs, and $145 in phone bills.

2. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (instructing that *pro se* pleadings are to be liberally construed).

pain and suffering. Defendant maintains that the court lacks jurisdiction to consider plaintiff's claim.

The Tucker Act, 28 U.S.C. § 1491(a)(1) (1994), grants the United States Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id.* Thus, although the Tucker Act gives the court jurisdiction over monetary claims against the United States, *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976), it "does not create any substantive right enforceable against the United States for money damages." *Id.* at 398, 96 S.Ct. at 953. Rather, the court may grant money damages only if such relief is expressly authorized by a constitutional provision, statute, regulation, or contract. Section 1491(a)(1); *Testan,* 424 U.S. at 400, 96 S.Ct. at 954. In addition, pursuant to the Tucker Act, the court lacks jurisdiction over tort claims. *Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 2043–44, 124 L.Ed.2d 118 (1993); *see also Brown v. United States,* 35 Fed.Cl. 258, 265 (1996), *aff'd,* No. 96–5107, slip op. at 4 (Fed.Cir. Jan. 22, 1997).

In order to defeat defendant's motion to dismiss his complaint, plaintiff therefore must demonstrate that his claim rests upon either some money-mandating legislation, or an express or implied contract with defendant. Plaintiff, however, does not assert a claim based upon a contract with defendant. Thus, the only possible basis for the court's jurisdiction would be a statutory one. Consequently, the court need only decide whether plaintiff's claim is founded upon money-mandating legislation.

Recently, the court dismissed, on jurisdictional grounds, the claim of a similarly-situated plaintiff. *Niedbala v. United States,* 37 Fed.Cl. 43, 46 (1996). As in the present case, the plaintiff in *Niedbala* was a military retir-

ee who was assessed fines by Portuguese authorities after registering his vehicles with the Air Force security police at Lajes Field. *Id.* at 44–45. Like plaintiff here, plaintiff Niedbala submitted a claim to the Air Force, which the Air Force processed under § 2733 of the MCA and denied. *Id.* at 45. In *Niedbala,* the court held that § 2735 bars judicial review of an agency's MCA determination. *Id.* at 50. The court further determined that the MCA does not mandate the payment of money and, as such, cannot provide a basis for the court's jurisdiction. *Id.* at 52. This court agrees with the conclusions reached by the court in *Niedbala.*

Here, as in *Niedbala,* plaintiff bases his claim upon the contention that the Air Force erred in allowing him to register his vehicle with the Air Force security police at Lajes Field. Specifically, plaintiff claims that he was "fined due to the negligent counsel of the base's legal office." [3] As previously noted, the court lacks jurisdiction to hear tort claims. Section 1491(a)(1); *see also* 28 U.S.C. § 1346(b) (1994) (granting jurisdiction to hear tort claims exclusively to the United States district courts under the Federal Tort Claims Act). Because plaintiff's negligence claim sounds in tort, the court lacks jurisdiction to consider it. · *Montoya v. United States,* 22 Cl.Ct. 568, 571 (1991).

Plaintiff's complaint also may be construed as an appeal of the Air Force's decision denying his claim pursuant to the MCA. Even viewing plaintiff's complaint in this context, however, the court must conclude that it lacks jurisdiction to consider his claim. Indeed, absent a constitutional claim, § 2735 of the MCA specifically precludes judicial review of an agency's disallowance of a plaintiff's MCA claim. *See Collins v. United States,* 67 F.3d 284, 287 (Fed.Cir.1995); *Schneider v. United States,* 27 F.3d 1327, 1332 (8th Cir.1994), *cert. denied,* 513 U.S. 1077, 115 S.Ct. 723, 130 L.Ed.2d 628 (1995); *see also Niedbala,* 37 Fed.Cl. at 50 (citing numerous cases in support of this conclusion); *cf.* 5 U.S.C. § 701(a) (1994) (directing that judicial review is unavailable when "statutes preclude judicial review"). Because

---

**3.** Complaint at 1.

plaintiff's case raises no constitutional claims, the narrow exception to this general rule is not implicated. Pursuant to § 2735, the Air Force's denial of plaintiff's MCA claim is not subject to review by this court.[4]

■ *Arguendo*, considering plaintiff's complaint in the broadest possible context, as a claim unrelated to any agency action, the court still lacks jurisdiction. As previously noted, the Tucker Act does not mandate the payment of plaintiff's alleged damages. Thus, in order to recover, plaintiff "must base his claim on another money-mandating statute or regulation. *Collins*, 67 F.3d at 286. Plaintiff does not cite to, nor can the court find, any such legislation. With specific regard to the MCA, the court notes that the payment or disallowance of plaintiff's claim was discretionary with the agency. *Id.; Niedbala*, 37 Fed.Cl. at 52. Stated differently, the MCA creates no entitlement to payment of the damages plaintiff is seeking.

4. In its well-reasoned opinion, the court in *Niedbala* discussed at length the statutory scheme authorizing compensation for persons injured by members of the armed forces or civilian military employees acting within the scope of their duties. *Niedbala*, 37 Fed.Cl. at 46–50. The court concluded that, because plaintiff Niedbala is an "inhabitant" of Portugal, §§ 2734 and 2734a preempt § 2733, and the Air Force mistakenly applied § 2733 to his claim. *Id.* at 47. Section 2735, however, bars judicial review of an agency's disallowance of an MCA claim regardless of whether the claim is decided under §§ 2733, 2734, or 2734a. Therefore, consideration of any differences among these MCA sections is irrelevant for purposes of this court's decision.

*Niedbala*, 37 Fed.Cl. at 52. In sum, because it is not a money-mandating statute, the MCA cannot serve as a basis for the court's jurisdiction. *Collins*, 67 F.3d at 286; *Niedbala*, 37 Fed.Cl. at 52.

### *Conclusion*

For the foregoing reasons, the court grants defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction. Accordingly, the Clerk is directed to dismiss the complaint. No costs.

IT IS SO ORDERED.