**Galen Renee BEACH, Vickie Lynn Beach, et al., Plaintiffs,**

**v.**

**UNITED STATES, Defendant.**

**No. 05–1111C.**

United States Court of Federal Claims.

Oct. 24, 2005.

## ORDER

HORN, Judge.

Before the court are plaintiffs' application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (2000) and plaintiffs' complaint. The plaintiffs' *pro se* complaint is titled a "Petition Demand for Emergency Execution of Automatic Stay; Joinder Complaint for Damages and Just Compensation." In their complaint, the plaintiffs seek more than $1.6 billion in damages on eight counts, each of which attempts to allege a taking of plaintiffs' private property without just compensation. The plaintiffs' application to proceed *in forma pauperis* is incomplete. Specifically, the plaintiff, Galen Beach states that he is employed, but fails to list his employer or his salary as required by the application. In order to provide a rapid response to plaintiffs' complaint and in the interest of judicial economy, but solely for the limited purpose of addressing whether this court has jurisdiction to consider plaintiffs' complaint, the court will allow the plaintiffs to proceed without having paid a filing fee. As is discussed below, however, this court is without jurisdiction to address the plaintiffs' claims and the plaintiffs' complaint must be dismissed.

## FACTS

The facts relevant to this case are taken from the plaintiffs' complaint and the court documents in *United States v. Galen Renee Beach*, No. 05–10056–01 (D. Kan. filed Apr. 6, 2005) and *United States v. Vickie Lynn Beach*, No. 05–10056–02 (D. Kan. filed Apr. 6, 2005), filed in the United States District Court for the District of Kansas, Wichita. On April 6, 2005, Galen and Vickie Beach were indicted by a grand jury on several criminal counts. Specifically, Galen Beach was indicted on: two counts of mail fraud in violation of 18 U.S.C. § 1341–42; one count of making a false declaration in connection with the filing of a Chapter 7 bankruptcy petition in violation of 18 U.S.C. § 152(3); and one count of knowingly using a false Social Security account number in violation of 42 U.S.C. § 408(a)(7)(B). Vickie Beach was indicted on: two counts of mail fraud in violation of 18 U.S.C. § 1341–42; one count of making a false declaration in violation of 18 U.S.C. § 152(3) in connection with the filing of a Chapter 7 bankruptcy petition; and one count of knowingly using a false Social Security account number in violation of 42 U.S.C. § 408(a)(7)(B). *See* Indictment at 1, *United States v. Galen Renee Beach*, No. 05–10056–01 (D.Kan. Apr. 6, 2005).

According to the indictment, the counts against the Beaches arose from their bankruptcy petition filed in the United States Bankruptcy Court, Wichita, Kansas. The indictment alleged that on their petition the plaintiffs knowingly and intentionally provided Social Security numbers not assigned to them. After being notified that they had listed incorrect numbers, the plaintiffs filed an amended page one of their petition upon which they provided their true Social Security numbers. The indictment further alleged that on or about July 10, 2003, the plaintiffs filed a false and fraudulent UCC 1 Financing Statement with the Kansas Secretary of State's office claiming they had a "summary judgment" in the amount of $500,000.00 against J. Michael Morris, a United States Trustee assigned to serve as the Trustee in the plaintiffs' bankruptcy case. The indictment also alleged that on or about March of 2004, using a "bogus, false and fraudulently generated 'arbitration award' " in the amount of $500,720.00 and another in the amount of $1,500,535.67 from the "so-called 'Western Arbitration Council,' " the plaintiffs made a false claim against the Liberty Mutual Insurance Company surety bond maintained by the Trustee for Region 20. The bond was intended to protect against any negligent or unlawful conduct on the part of the United States Trustees. After learning that the plaintiffs' arbitration award was false, Liberty Mutual denied the plaintiffs' claim.

On May 2, 2005, Vickie Beach entered into a plea agreement with the United States Attorney for the District of Kansas. Pursuant to the plea agreement, Mrs. Beach plead guilty to count three of the indictment against her, which charged a violation of 18 U.S.C. § 152(3), bankruptcy fraud. In re-

turn, the United States Attorney agreed not to prosecute Mrs. Beach for the other charges set forth in the indictment. At sentencing on her guilty plea, Mrs. Beach was sentenced to three months imprisonment and two years probation.

Galen Beach did not enter into a plea agreement with the United States Attorney, but, instead, chose to go to trial. On August 25, 2005, a jury found Mr. Beach guilty of two counts of mail fraud in violation of 18 U.S.C. § 1341–42 and one count of bankruptcy fraud in violation of 18 U.S.C. § 152(3). Sentencing on Mr. Beach's convictions is scheduled for November 14, 2005.

On October 14, 2005, the plaintiffs filed a complaint in this court alleging a violation of the Fourth and Fifth Amendments to the United States Constitution. Specifically, the plaintiffs' complaint states that the actions of the United States against the plaintiffs constitute "a taking within the meaning of the Fourth Amendment to the Constitution" and "a taking within the meaning of the Fifth Amendment to the Constitution." Although the complaint also alleges violations of multiple treaties, constitutions, and other laws, the plaintiffs' complaint appears to be based on an argument that the United States District Court in Wichita, Kansas failed to establish personal jurisdiction over the plaintiffs. Specifically, the plaintiffs state in their complaint that:

> The Belligerent Defendant the United States of America via the Wichita Kansas Federal District Court through the Belligerent Insurgent Defendants Magistrate Judge Bostwick and the Administrative Judge Monti L. Belot and Magistrate Karen Humphreys are acting in this criminal case without Proper Jurisdiction. The evidence record in both criminal cases the *United States of America v. Galen Renee Beach* Case number 05–10056–01–MLB and the *United States of America v. Vickie Lynn Beach* Case number 05–10056–02–MLB is absent of evidence establishing the existence of jurisdiction over the person of the Plaintiffs galen renee beach and vickie lynn beach. (all capitalization and grammatical errors in original)

During the criminal proceedings in Wichita, Kansas, the plaintiffs also raised their lack of personal jurisdiction argument. On April 18, 2005, the plaintiffs filed affidavits arguing, among other things, that the Kansas District Court lacked personal jurisdiction. Attached to their affidavits was a document titled "Crimes against the U.S. Government," which analogized a judge who acts without jurisdiction with "Usama bin Ladin [sic]". It is under their argument of lack of personal jurisdiction that the plaintiffs allege in this court that their arrests and incarcerations were takings without just compensation in violation of the Fourth and Fifth Amendments to the United States Constitution.

In addition to arguing that the District Court lacked jurisdiction to arrest, try and sentence the plaintiffs, the plaintiffs also argue that they were deprived of counsel of their choosing. During the proceedings in the District Court, Phillipo Alo Wikvaya Ali Dey, who the plaintiffs may be referencing in the *et al.* portion of the caption of plaintiffs' complaint, and who they intermittently refer to as a plaintiff, submitted documents to the District Court that the court rejected. In an order dated May 2, 2005, the court noted that Mr. Dey represented himself as the "Private National Attorney General". *United States v. Vickie Lynn Beach,* No. 05–10056–1 (D.Kan. May 2, 2005). The court went on to state that "Dey does not allege, and the contrary is obvious, that he is licensed attorney." *Id.* In its order, the District Court rejected Mr. Dey's filings stating that "No person familiar with the law, much less a licensed attorney, would believe that there is any legal basis for a counterclaim in a criminal prosecution or that the automatic stay in a bankruptcy proceeding affects a criminal prosecution." *Id.* The court, therefore, rejected Mr. Dey's filings and instructed the Clerk of the Court not to accept any further communications "of any kind" from Mr. Dey. *Id.*

In their complaint in this case, the plaintiffs argue that they were deprived of counsel. The plaintiffs state that:

> The Plaintiffs galen renee beach and vickie lynn beach are the victims of a profound Invasion of Rights and Conspiracy against

Rights and the Depravation of Rights and the Deprived of Counsel having no access to Due process nor the Rights therein under Color of Law.... (all capitalization and grammatical errors in original)

Although in their complaint the plaintiffs argue that they were denied their counsel of choice, the plaintiffs acknowledge that they were represented by counsel during their criminal proceedings by Roger L. Falk, the court appointed public defender.

Because the plaintiffs believe the District Court acted without personal jurisdiction, and denied them their counsel of choice, which, plaintiffs argue, constituted a taking, the plaintiffs request that this court issue an automatic stay of all proceedings in the District Court until a final decision is issued from this court. In addition to an automatic stay, the plaintiffs ask this court to impose a penalty on each identified defendant, a list which includes a vast array of individuals involved in their criminal cases, fine each defendant $500,000.00, or imprison each defendant for up to five years, or both. For the reasons discussed below, this court does not have jurisdiction over the plaintiffs' complaint.

## DISCUSSION

■ The court recognizes that the plaintiffs are proceeding *pro se*. Normally, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied*, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). The United States Court of Appeals for the Federal Circuit has similarly stated that "the pleadings of *pro se* litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim because '[a]n unrepresented litigant

should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.'" *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed.Cir.2002) (quoting *Hughes v. Rowe*, 449 U.S. at 15, 101 S.Ct. 173), *cert. denied*, 537 U.S. 823, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002). However, "there is no 'duty [on the part] of the trial court ... to create a claim which appellant has not spelled out in his pleading ....'" *Scogin v. United States*, 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original). "'A complaint that is ... confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation ....'" *Scogin v. United States*, 33 Fed.Cl. at 293 (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir.1994)) (alterations in original and citations omitted); *see also Merritt v. United States*, 267 U.S. 338, 341, 45 S.Ct. 278, 69 L.Ed. 643 (1925) ("The petition may not be so general as to leave the defendant in doubt as to what must be met.") (citations omitted). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed.Cl. 497, 499, *aff'd*, 98 Fed.Appx. 860, (Fed.Cir.2004), *reh'g denied* (2004).

■ Furthermore, subject matter jurisdiction may be challenged at any time by the parties, by the court *sua sponte*, and even on appeal. *See Fanning, Phillips, Molnar v. West*, 160 F.3d 717, 720 (Fed.Cir.1998) (quoting *Booth v. United States*, 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.*, 933 F.2d 996, 998 n. 1 (Fed.Cir.1991). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1342 (Fed.Cir.2001) (citing *Johannsen v. Pay Less Drug Stores N.W. Inc.*, 918 F.2d 160, 161 (Fed.Cir.1990)); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). A plaintiff must establish jurisdiction by a pre-

ponderance of the evidence. *See Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988); *Thomas v. United States*, 56 Fed.Cl. 112, 115 (2003); *Martinez v. United States*, 48 Fed.Cl. 851, 857 (2001), aff'd in part, 281 F.3d 1376 (Fed.Cir.), reh'g denied (2002); *Bowen v. United States*, 49 Fed.Cl. 673, 675 (2001), aff'd, 292 F.3d 1383 (Fed.Cir.2002); *Vanalco, Inc. v. United States*, 48 Fed.Cl. 68, 73 (2000); *Alaska v. United States*, 32 Fed.Cl. 689, 695 (1995), appeal dismissed, 86 F.3d 1178 (Fed.Cir. 1996) (table). When construing the pleadings pursuant to a motion to dismiss, the court should grant the motion only if "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Brubaker Amusement Co. v. United States*, 304 F.3d 1349, 1355 (Fed.Cir.2002), *cert. denied sub nom. Penn Triple S v. United States*, 538 U.S. 921, 123 S.Ct. 1570, 155 L.Ed.2d 311 (2003); *Leider v. United States*, 301 F.3d 1290, 1295 (Fed.Cir.), reh'g and reh'g en banc denied (2002), cert. denied, 538 U.S. 978, 123 S.Ct. 1786, 155 L.Ed.2d 666 (2003); *Conti v. United States*, 291 F.3d 1334, 1338 (Fed.Cir.), reh'g en banc denied (2002), cert. denied, 537 U.S. 1112, 123 S.Ct. 904, 154 L.Ed.2d 785 (2003); *Consol. Edison Co. v. O'Leary*, 117 F.3d 538, 542 (Fed.Cir. 1997), *cert. denied sub nom. Consol. Edison Co. v. Pena*, 522 U.S. 1108, 118 S.Ct. 1036, 140 L.Ed.2d 103 (1998); *see also New Valley Corp. v. United States*, 119 F.3d 1576, 1579 (Fed.Cir.), reh'g denied, and reh'g en banc declined (1997); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States*, 48 F.3d 1166, 1169 (Fed.Cir.), cert. denied, 516 U.S. 820, 116 S.Ct. 80, 133 L.Ed.2d 38 (1995); *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989); *W.R. Cooper Gen. Contractor, Inc. v. United States*, 843 F.2d 1362, 1364 (Fed.Cir.1988) ("When the facts alleged in the complaint reveal 'any possible basis on which the non-movant might prevail, the motion must be denied.' "); *RCS Enters., Inc. v. United States*, 46 Fed.Cl. 509, 513 (2000).

Pursuant to RCFC 8(a)(1) and Rule 8(a)(1) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends." RCFC 8(a)(1). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed.Cir.), reh'g denied (1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Nevertheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981), aff'd, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed.Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

In order for this court to have jurisdiction over a plaintiff's complaint, the Tucker Act requires that the plaintiff identify an independent substantive right enforceable against the United States for money damages. 28 U.S.C. § 1491 (2000). The Tucker Act states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United*

*States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114, reh'g denied, 425 U.S. 957, 96 S.Ct. 1736, 48 L.Ed.2d 202 (1976) (citing *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–06, 372 F.2d 1002, 1009 (1967)); *see also Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 478 (1995), aff'd, 79 F.3d 136 (Fed.Cir.1996). A waiver of traditional sovereign immunity cannot be implied but must be "unequivocally expressed." *INS v. St. Cyr,* 533 U.S. 289, 299 n. 10, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Ins. Co. of the West v. United States,* 243 F.3d 1367, 1372 (Fed.Cir.), reh'g and reh'g en banc denied (2001); *Saraco v. United States,* 61 F.3d 863, 864 (Fed.Cir.1995) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)), cert. denied, 517 U.S. 1166, 116 S.Ct. 1565, 134 L.Ed.2d 665 (1996).

The Tucker Act, however, merely confers jurisdiction on the United States Court of Federal Claims; " 'it does not create any substantive right enforceable against the United States for money damages.' " *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (quoting *United States v. Testan,* 424 U.S. at 398–99, 96 S.Ct. 948), reh'g denied, 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *White Mountain Apache Tribe v. United States,* 249 F.3d 1364, 1372 (Fed.Cir.2001), aff'd, 537 U.S. 465, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Cyprus Amax Coal Co. v. United States,* 205 F.3d 1369, 1373 (Fed.Cir.2000), cert. denied, 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *New York Life Ins. Co. v. United States,* 118 F.3d 1553, 1555–56 (Fed.Cir. 1997), cert. denied, 523 U.S. 1094, 118 S.Ct. 1559, 140 L.Ed.2d 792 (1998); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) (en banc), cert. denied, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). Individual claimants, therefore, must look beyond the jurisdictional statute for a waiver of sovereign immunity. *United States v. Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349. In order for a claim to be successful, the plaintiff "must also demonstrate that the source of law relied upon 'can fairly be interpreted as man-

dating compensation by the federal government for the damages sustained.' " *White Mountain Apache Tribe v. United States,* 249 F.3d at 1372 (quoting *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)); *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948; *Tippett v. United States,* 185 F.3d 1250, 1254 (Fed.Cir.1999) ("[T]he plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.") (quoting *James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998), reh'g denied (1999)); *Doe v. United States,* 100 F.3d 1576, 1579 (Fed.Cir. 1996), reh'g and reh'g en banc denied (1997); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. at 607, 372 F.2d at 1009.

■ This court may only render judgment for money when the violation of a constitutional provision, statute, or regulation independently mandates payment of money damages by the United States. *See Khan v. United States,* 201 F.3d 1375, 1377–78 (Fed. Cir.2000). For example, the First Amendment, standing alone, cannot be interpreted to require the payment of money for its alleged violation, and, therefore, does not provide an independent basis for jurisdiction in this court. *See United States v. Connolly,* 716 F.2d at 886–87; *see also Hamlet v. United States,* 63 F.3d 1097, 1107 (Fed.Cir.1995), cert. denied, 517 U.S. 1155, 116 S.Ct. 1542, 134 L.Ed.2d 646 (1996); *Featheringill v. United States,* 217 Ct.Cl. 24, 33, 1978 WL 5755 (1978); *Rosano v. United States,* 9 Cl. Ct. 137, 142 (1985), aff'd, 800 F.2d 1126 (Fed. Cir.1986), cert. denied, 480 U.S. 907, 107 S.Ct. 1350, 94 L.Ed.2d 521 (1987). Nor does the Fourth Amendment provide a basis for jurisdiction in this court. *See Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation."), *reh'g denied* (1997). The same is true of allegations concerning violation of the Due Process clauses of the Fifth and Fourteenth Amendments and the Equal Protection clause of the Fourteenth Amendment, since nothing in

those clauses can be read to mandate monetary compensation. *See LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995); *see also Crocker v. United States,* 125 F.3d 1475, 1476 (Fed.Cir.1997); *Collins v. United States,* 67 F.3d 284, 288 (Fed.Cir.1995) (citing additional cases); *Mullenberg v. United States,* 857 F.2d 770, 773 (Fed.Cir.1988); *Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir.1987); *Loeh v. United States,* 53 Fed.Cl. 2, 4 (2002), *aff'd,* 55 Fed.Appx. 937 (Fed.Cir.2003); *Smith v. United States,* 51 Fed.Cl. 36, 38 (2001), aff'd, 36 Fed.Appx. 444 (Fed.Cir.2002); *Milas v. United States,* 42 Fed.Cl. 704, 710 (1999), *aff'd,* 217 F.3d 854 (Fed.Cir.1999).

The plaintiffs' complaint is hard to follow, but the court has liberally construed the pleadings. Although the plaintiffs have titled their complaint as a taking under the Fifth Amendment, the plaintiffs request that this court enact a stay of the criminal proceedings because they believe that the District Court did not have personal jurisdiction over the plaintiffs and because the District Court denied the plaintiffs their counsel of choice. If anything, plaintiffs' complaint, although titled a taking, might attempt to allege a violation of their rights to due process. Claims of violations of the Due Process and Equal Protection clauses of the Fifth and Fourteenth Amendments or clauses under the Fourth Amendment are not within this court's jurisdiction because those clauses do not support a claim for money damages against the United States, as discussed above and as required for jurisdiction in this court. *See Crocker v. United States,* 125 F.3d at 1476 ("The Court of Federal Claims correctly concluded that it does not have jurisdiction to hear [plaintiff's] due process ... claims under the Fifth Amendment to the United States Constitution."); *Collins v. United States,* 67 F.3d at 288 ("[T]he due process clause does not obligate the government to pay money damages."); *LeBlanc v. United States,* 50 F.3d at 1028 (Finding no jurisdiction under the Fifth and Fourteenth Amendments because they do not mandate money damages by the government.); *Mullenberg v. United States,* 857 F.2d at 773 (Finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts."); *Murray v. United States,* 817 F.2d at 1583

(The Fifth Amendment Due Process clause does not include language mandating the payment of money damages.); *see also Hurt v. United States,* 64 Fed.Cl. 88, 89 (2005) ("Nor can the court hear constitutional due process claims under the Fifth Amendment ...."), *aff'd,* 134 Fed.Appx. 446 (Fed.Cir. 2005).

Moreover, neither the Tucker Act, 28 U.S.C. § 1491 (2000), nor any other statutes conferring jurisdiction on this court establish jurisdiction over criminal matters in this court. Such jurisdiction is reserved to the United States Federal District Courts. The United States Court of Appeals for the Federal Circuit has clearly identified this court's lack of jurisdiction over criminal matters and due process claims. In *Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994), the Federal Circuit identified the Court of Federal Claims as a court of specific, civil jurisdiction, defined by 28 U.S.C. § 1491, which "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code and the due process and equal protection clauses of the Fifth Amendment do not provide for the payment of monies, even if there were a violation." *See also Miller v. United States,* 67 Fed.Cl. 195, 199 (2005). The plaintiffs in this case ask this court to review actions of a United States Federal District Court. The United States Court of Federal Claims, however, "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States,* 17 F.3d at 380. Accordingly, this court has no jurisdiction over the plaintiffs' complaint.

## CONCLUSION

For the foregoing reasons, this court is without jurisdiction to review the plaintiffs' complaint. The plaintiffs' complaint, therefore, is **DISMISSED**, with prejudice. The clerk's office shall enter **JUDGMENT** for the defendant consistent with this opinion. No costs.

**IT IS SO ORDERED.**