NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES P. ARLOTTA,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2019-1618

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01392-EJD, Senior Judge Edward J. Damich.

---

Decided: July 11, 2019

---

JAMES P. ARLOTTA, Orchard Park, NY, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.; JAMES MCKEON, Office of the Staff Judge Advocate, United States Department of the Navy, Washington, DC.

---

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

James P. Arlotta appeals a final decision from the United States Court of Federal Claims ("Claims Court") dismissing his case for lack of subject matter jurisdiction. *Arlotta v. United States*, 142 Fed. Cl. 185, 186 (2019). Because the Claims Court correctly concluded that Arlotta's claims are barred by the applicable statute of limitations, we *affirm*.

## I.  BACKGROUND

### A.  Arlotta's Service

Arlotta enlisted in the United States Navy on April 8, 1998.  Gov't App'x at 20.  A few weeks later, he was admitted to the Great Lakes Naval Station Hospital for a mental health evaluation.  *Id.* at 24.  The physician evaluating Arlotta concluded that he suffered from a personality disorder, which caused a "disturbance" that was "likely to recur if the attempt [was] made to retain him in active service." *Id.* at 27.  The physician also concluded that this disorder "existed prior to enlistment."  *Id.*

Based on this diagnosis, the Navy informed Arlotta that he was "being considered for administrative separation from naval service by reason of defective enlistment and induction due to erroneous enlistment as evidenced by psychotic/personality disorder."  *Id.* at 22.  Arlotta acknowledged this notice and waived various rights, including the right to obtain counsel or submit a statement, with a signature dated April 23, 1998.  *Id.* at 22–23.  Arlotta was terminated shortly thereafter.  *Id.* at 20.

### B.  Claims Court

Arlotta filed this suit against the United States on September 4, 2018.  *Id.* at 8.  Arlotta's complaint alleges various injuries arising from his time in the Navy.

For example, Arlotta alleges that "he never had the opportunity to confer with an attorney" before being separated from the service. *Id.* at 6. He also alleges that his admission to Great Lakes Naval Station Hospital was "coerc[ed]" by "the accompanying male petty officer." *Id.* at 7. In terms of relief, Arlotta requested "BACK PAY of 4 years Active and 4 years Reserve Pay, and Benefit[s]" in addition to compensation from "the M.G.I. Bill and U.S. Navy College Fund." *Id.* at 8.

The United States filed a motion to dismiss. Among other things, the United States argued that Arlotta's complaint was barred by 28 U.S.C. § 2501, the applicable statute of limitations. *Id.* at 13–14. The United States also argued that Arlotta failed to identify "any money-mandating statute or regulation that would confer subject-matter jurisdiction under the Tucker Act." *Id.* at 14.

The Claims Court granted the motion to dismiss. *Arlotta*, 142 Fed. Cl. at 186. In particular, the Claims Court noted that § 2501 requires "claims against the United States [to] be filed within six years after such claim accrues." *Id.* Because Arlotta filed this case in September 2018, twenty years after being separated from the Navy, the Claims Court concluded that "[his] claims [were] untimely and barred by the running of the statute of limitations" and thus the court "lack[ed] subject matter jurisdiction to hear [Arlotta's] claim." *Id.* at 186–87.

Arlotta timely appealed the Claims Court decision. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II. DISCUSSION

We review dismissal for lack of subject matter jurisdiction *de novo*. *Shoshone Indian Tribe of Wind River Reservation, Wyo. v. United States*, 672 F.3d 1021, 1029 (Fed. Cir. 2012). If the Claims Court makes findings with respect to "jurisdictional facts," however, those "[f]actual findings . . . are reviewed by us for clear error." *Moyer v.*

*United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999); *see also Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014) ("When reviewing a motion to dismiss for lack of subject matter jurisdiction, a court accepts only *uncontroverted* factual allegations as true for purposes of the motion." (emphasis added)).

On appeal, Arlotta argues that the Claims Court possessed jurisdiction under the Tucker Act, 28 U.S.C. § 1491.[1] Appellant's Br. 2. "The Tucker Act authorizes certain actions for monetary relief against the United States to be brought in the Court of Federal Claims." *Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003) (en banc). But any action brought under the Tucker Act "is barred unless the complaint is filed within six years of the time a right of action first accrues." *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1380 (Fed. Cir. 2012) (citing 28 U.S.C. § 2501).

For purposes of the Tucker Act, a suit "accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit." *Martinez*, 333 F.3d at 1303. When a suit is premised on military discharge, we "have

---

[1]    Mr. Arlotta's brief could be read to assert jurisdiction under Article III rather than merely the Tucker Act. Appellant's Br. 3 ("The constitutionality of Article III § 2, cl. 1, dictates under federal statute 28 U.S.C. § 1491(a)(1) confers jurisdiction on the U.S. Court of Claims."). To the extent Mr. Arlotta raises this argument, however, it is unavailing. Not only is the Claims Court not an Article III court, but § 2501 bars claims even where the Claims Court might otherwise possess jurisdiction. *See* 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.").

long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge." *Id.*

In some contexts, a statute of limitations may not run, *i.e.*, a cause of action may not accrue, if there is some basis to toll the limitations period. But the Supreme Court has held that the Tucker Act is not one of those contexts. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 136–39 (2008). That means the statute of limitations here "may not be waived or tolled." *FloorPro*, 680 F.3d at 1380–81 (citing *id.*). It also means Arlotta "bear[s] the burden of proving that [his] claims are *not* time-barred." *Katzin v. United States*, 908 F.3d 1350, 1358 (Fed. Cir. 2018) (emphasis added).

Arlotta has not carried this burden. *Waller v. United States*, 767 F. App'x 989 (Fed. Cir. 2019) ("While we afford *pro se* plaintiffs greater leniency when reviewing their pleadings, their complaints must nonetheless meet the jurisdictional requirements of a court."). His back pay claim, for example, accrued when he was discharged in April 1998. *Martinez*, 333 F.3d at 1301. To the extent Arlotta raises any other claim, the events described in his complaint all occurred before he was discharged and are therefore also time-barred. *See* 28 U.S.C. § 2501.

Arlotta argues that equitable tolling saves him here. Appellant's Br. 5 (citing *Martinez*, 333 F.3d at 1314–15). His reliance on *Martinez*, however, is misplaced. To be sure, *Martinez* left the door open for equitably tolling Tucker Act claims. 333 F.3d at 1318 ("Because the matter is not free from doubt . . . [w]e decline to decide whether equitable tolling is generally available under section 2501 . . . ."). But the Supreme Court firmly closed that door five years later. *John R. Sand & Gravel Co.*, 552 U.S. at 134–36; *FloorPro*, 680 F.3d at 1380–81. While we are sympathetic to Arlotta's claims, we are bound by this later precedent and so is the Claims Court.

Arlotta also argues that his claims should be tolled under the Military Claims Act, 10 U.S.C. § 2733. Appellant's Br. 4. The Military Claims Act allows a department secretary, *e.g.*, the Secretary of the Navy, to settle certain claims against the United States "in an amount not more than $100,000." 10 U.S.C. § 2733(a). We have held that the decision to settle a claim or not is within a secretary's discretion. *Collins v. United States*, 67 F.3d 284, 286 (Fed. Cir. 1995). Thus, the statute is not money mandating. *Id.* In fact, the decision to disallow a claim is "not subject to judicial review." *Id.* at 288. Section 2733 is therefore inapposite. Arlotta did not file a claim under this provision, or the Military Claims Act in general, and even if he had done so the Claims Court could not have considered such a claim. *Id.* Nor is § 2733 helpful. At best, it extends claims arising "in time of war or armed conflict" for "two years after the war or armed conflict is terminated." 10 U.S.C. § 2733(b)(1). Arlotta was terminated more than twenty years ago. Gov't App'x at 20.

Finally, Arlotta insists that the Claims Court denied him "'an opportunity to be heard before dismissal [was] ordered.'" Appellant's Br. 10 (quoting *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). But he was given the chance to address the government's arguments and evidence. *See* Gov't App'x at 29–36. He offered his own evidence in response. *See, e.g.*, *id.* at 37–39. Nothing more was required under *Reynolds*. *See Rana v. United States*, 664 F. App'x 943, 947 (Fed. Cir. 2016) (explaining that *Reynolds* was satisfied where the plaintiff was allowed to file a response and offer his own evidence as to jurisdictional facts). And, critically, none of his responsive arguments or evidence identified any claim that accrued within six years of him filing this suit.

## III. CONCLUSION

We have considered Arlotta's remaining arguments and find them unpersuasive. Ultimately, he has not

identified any basis for the Claims Court to exercise juris-diction over his claims.  We therefore *affirm*.

## AFFIRMED

COSTS

No costs.