# In the United States Court of Federal Claims

No. 19-1361C
(Filed September 12, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                  *
                                  *
BARBARA STONE,                    *
                                  *
              Plaintiff,          *
                                  *
     v.                           *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
* * * * * * * * * * * * * * * * * *
```

## ORDER

On September 6, 2019, Barbara Stone filed a complaint in this court. The complaint is lengthy and not a model of clarity, but it seems to concern a bankruptcy proceeding involving Ms. Stone. Plaintiff alleges that both the bankruptcy judge overseeing her bankruptcy and one of the lawyers involved are engaged in various forms of misconduct. In particular, she claims that the judge has failed to file the financial disclosure forms required by the Ethics in Government Act, 5 U.S.C. 4 app. § 109 (10). She also claims that one of the lawyers participating in her bankruptcy proceeding has filed false claims, sent obscene emails, and acted in concert with the judge in a conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). 18 U.S.C. §§ 1961–68.

Plaintiff's claims do not fall within the limited subject-matter jurisdiction Congress has conferred on this court. A number of her claims, such as her RICO claims, are based on violations of criminal law, but this court lacks jurisdiction over claims based on criminal laws. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *Stanwyck v. United States*, 127 Fed. Cl. 308, 314 (2016). She also alleges various persons have attempted to defraud her, which is a tort claim. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). Under the Tucker Act, 28 U.S.C. § 1491, this court's jurisdiction is limited to certain actions against the United States seeking money damages and which do not sound in tort. *United States v.*

7018 1830 0001 4963 6779

*Mitchell*, 463 U.S. 206, 216 (1983). Accordingly, Ms. Stone's tort claims are not within our subject-matter jurisdiction. Additionally, since claims in our court can only be against the United States, we lack jurisdiction over plaintiff's claims against individual persons, such as the Bivens claims in the complaint. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Likewise, we lack jurisdiction over violations of civil rights laws that penalize misconduct by state and local governments. See *Griffith v. United States*, No. 14-793C, 2015 WL 1383959, at *2 (Fed. Cl. Mar. 20, 2015) (discussing 42 US.C. §§ 1981, 1983.

Even claims against the United States can only be heard here if they are based on a law the violation of which creates a right to the payment of money damages. None of plaintiff's federal law claims are based on such laws. First, plaintiff bases a claim on the Freedom of Information Act, 5 U.S.C. § 552, which is not money-mandating. *See Hicks v. United States*, 130 Fed. Cl. 222, 231 (2017). Second, as noted above, plaintiff complains of violations of the Ethics in Government Act, which is not a money-mandating statute. *Roberson v. United States*, 115 Fed. Cl. 234, 240 (2014). Plaintiff also bases claims on various provisions of the Constitution --- namely the First Amendment, the Fourth Amendment, and the Due Process Clause of the Fifth Amendment. None of these provisions are money-mandating. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (noting that the First Amendment is not money-mandating); *Brown*, 105 F.3d at 623 (Fed. Cir. 1997) (holding Fourth Amendment is not money-mandating); *Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) (holding due process clause is not money-mandating); *James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998) (same). Plaintiff also appears to base claims upon the Americans with Disabilities Act, 42 U.S.C. § §12101–2213, but claims under that Act can only be heard in state courts or U.S. District Courts. *McCauley v. United States*, 38 Fed. Cl. 250, 266 (1997), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998). Finally, to the extent that plaintiff is complaining about the conduct of her bankruptcy proceedings, we have no jurisdiction to review such matters. *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001).

Simply put, even assuming everything Ms. Stone says in her complaint is true, this court has no jurisdiction to hear her claims or provide her any relief. As some of Ms. Stone's claims are not against the United States, others concern torts or crimes, and for the rest she has not identified any basis for jurisdiction, her case **DISMISSED** for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. The Clerk shall close the case.

IT IS SO ORDERED.

VICTOR J. WOLSKI
Senior Judge